NEW-YORK,
May, 1832

Sayre
v.
Wisner.

</div>

---

J. SAYRE and Elizabeth his wife *vs.* W. R. WISNER.

The *limitation* to actions of *ejectment for dower* created by the revised statutes, requiring a widow to demand her dower within *twenty years* after the death of her husband, does not apply where the husband died *previous* to the revised statutes going into effect.

*It seems,* however, that the limitation will apply to cases of previous death if the action be not brought within 20 years after the statute.

A statute is never construed to operate *retrospectively* so as to take away a vested right.

*It seems,* also, that the limitation cannot be interposed as a bar, where the widow has been in possession, either with or without suit, and is subsequently ousted.

THIS was an action brought to recover *dower* in certain lands claimed to belong to *Elizabeth,* the wife of *Sayre,* as the widow of her late husband, *William Wisner,* tried at the Orange circuit in 1830, before the Hon. JAMES EMOTT, then one of the circuit judges.

On the trial of the cause, the following facts appeared: William Wisner, the late husband of Elizabeth, now the wife of J. Sayre, died about 25 years before the trial, seised of certain real estate, leaving his wife and two sons, viz. W. R.

Wisner and J. Wisner, him surviving. Upwards of 20 years before the trial, the plaintiffs intermarried, and for some years previous to 1815 were in possession of the premises of which William Wisner died seised. In that year guardians were appointed for the two sons of William Wisner, and the guardians, together with J. Sayre, let the premises, of which William Wisner died seised, to one Wilson for the term of five years, and it was then agreed that one third of the rent to be paid by Wilson should be paid to Sayre, on account of the right of dower of his wife in the premises, and it was accordingly paid to him with the approbation of the guardians. The premises were occupied under the lease to Wilson for three years, when the lease was cancelled or taken up, and W. R. Wisner went into possession. W. R. Wisner attained the age of 21 in the year 1820. In 1822, J. Wisner conveyed to his brother, W. R. Wisner, his interest in the principal portion of the real estate of which his father died seised, and in 1827 conveyed the residue. The acknowledgment of the defendant was proved that he had agreed to pay rent to Sayre for the right of dower of his mother, and a demand of rent in 1829 by Sayre was shewn, upon which occasion the defendant said that he was willing to have the dower set off, but that he would not pay any more rent unless he was forced to pay it. The plaintiffs were nonsuited on the ground that their action was not brought within 20 years after the right to dower accrued. The plaintiffs moved to set aside the nonsuit, and for a new trial.

*J. R. Van Duzer*, for the plaintiffs.

*H. G. Wisner*, for defendant.

*By the Court*, SAVAGE, Ch. J. The nonsuit was directed in this case under the impression that the plaintiffs had lost their right by lapse of time. It is enacted by the revised statutes, 1 R. S. 742, § 18, as follows: " A widow shall demand her dower within twenty years after the death of her husband; but if at the time of such death she be under the age of twenty-one years, or insane, or imprisoned on a criminal charge or

conviction, the time during which such disability continues shall not form any part of the said term of twenty years." This is a statute of limitations. Whether the former statute of limitations embraced the action of dower, is now immaterial. It was said in *Hitchcock* v. *Harrington*, 6 Johns. R. 290, 296, that the statute, if applicable in such a case, should be pleaded. If dower was included in the old statute of limitations, it was under the denomination of an action for the recovery of lands, tenements or hereditaments; but the legislature in 1806 enacted " that a widow shall and may be at liberty, at any time during her life, to make demand of her dower." 1 R. L. 60. This law of 1806 was re-enacted in 1813, and was repealed when the revised statutes took effect on the 1st January, 1830. The action of ejectment is now the proper remedy to recover dower, 2 R. S. 303, § 2; in such action the defendant shall plead the general issue only, and upon such plea the defendant may give in evidence any matter which, if pleaded in a writ of right or action of dower, would bar the action of the plaintiff. 2 R. S. 306, § 22, 23. If therefore the present statute is a statute of limitations, and would, if properly pleaded in an action of dower bar the plaintiffs' action it may now be given in evidence under the general issue.

It is contended by the plaintiffs' counsel that the act of 1830 is no bar to the present action, because it is to be *prospective*, and not *retrospective* in its operation. When this law took effect, the husband had been dead more than twenty years, and by the act then in force, the plaintiffs had a vested right in the premises in controversy ; and if the statute of 1830 is to be applied in this case, its effect is to divest an estate already vested. It is a general rule that no statute is to have a retrospect beyond the term of its commencement. It may have such retrospect, but not so as to take away a right of action which the plaintiff was entitled to before the time of its commencement. 6 Bac. Abr. 370. A statute never ought to have such a construction as to divest a right previously acquired, if it be susceptible of any other, giving it a reasonable object and full operation without such construction. By a subsequent provision in the same chapter of the statutes, it is declared that none of the provisions of this chapter, except those converting

formal trusts into legal estates, shall be construed as altering or impairing any *vested* estate, interest or right. 1 R. S. 750, § 11. It cannot be denied that the statute in question creates a new rule, and the essence of a new law is, that it forms a rule for future cases. In the case of *Dash* v. *Van Kleek*, 7 Johns. R. 477, this subject underwent a full discussion, when the majority of the court established the rule that a statute is not to be construed to operate retrospectively, so as take away a vested right. The case of *Gilmore* v. *Shuter*, 2 Mod. 310, was referred to and considered sound law. By the statute of frauds it was enacted, "that from and after the 24th day of June, 1677, no action shall be brought to charge any person upon any agreement made in consideration of marriage, &c. unless such agreement be in writing, &c. Shuter promised the plaintiff by parol before the 24th June, 1677, to give him £2000, (if he married the daughter of one Harris) or leave him so much by his will. The marriage took effect. Shuter died without any provision in his will, and the suit was brought against his executor. Upon a special verdict, the court gave judgment for the plaintiff; for it could not be presumed, they said, that the act had a retrospect to take away an action to which the plaintiff was then entitled; for if a will had been made before the 24th June, and the testator had died afterwards, yet the will had been good, though it had not been in pursuance of the statute. The statute of frauds, therefore, though general in its terms, was limited in its operation to agreements made after the 24th June, 1677; if that rule be applicable here, (and it is surely an analogous case,) that clause of the revised statutes now under consideration is applicable to those cases only where the husband dies after the 1st January, 1830. It is strictly within the reason of the rule of construction above alluded to, to say that it may be applicable to cases of previous death, but not till 20 years after the statute takes effect. If I am right in this view of the case, the nonsuit must be set aside and a new trial granted.

But even if the statute were to have a retrospective operation, it cannot defeat the plaintiffs' right of action in this case; it cannot be applicable to a case where the widow has been

in possession of her dower, either with or without suit, and is subsequently ousted of possession, and thus driven to her suit. It is fairly inferrible from the case, that the widow had been in possession from the death of William Wisner until 1815. The plaintiffs were then in possession; they then, together with the guardians of the minor children, rented the farm to a tenant for five years, the plaintiffs receiving one third of the rent, with the consent of the guardians. The defendant himself paid rent after 1820, when he became 21 and took possession. The plaintiffs were therefore in possession until within ten years before the trial. The object of the statute was to compel widows, or those entitled to dower, to assert their claim within twenty years, which is now the limitation to all claims to real estate. The plaintiffs had asserted their claim; they had obtained possession without suit, and were therefore not within the spirit of the statute, nor within the mischief intended to be prevented, to wit, the assertion of dormant claims.

In my opinion, the statute is not applicable to this case in any point of view.

Nonsuit set aside; new trial granted; costs to abide the event.