## Norris *v.* Slaughter.

The statute of limitations of 1843, containing no saving clause, but unconditionally repealing the prior limitation law, cannot be pleaded in bar to an action of assumpsit until six years after it took effect. It does not operate retrospectively upon contracts.

A statute of limitations constitutes a presumption of payment from lapse of time; it is merely a statute of repose, forming no part or consideration of a contract; and as a party can and should preserve evidences of payment, its repeal can work no grievance.

Error, *to Lee District Court.*

An action of assumpsit on a promissory note, made by Joseph Norris, on the 2d July, 1830, promising to pay Samuel Slaughter the sum of five hundred dollars, in five years after date. The declaration contains several special and common money counts. The defendant pleaded non-assumpsit, no consideration, and the statute of limitations. Issues were joined to the pleas of non-assumpsit and no consideration; and to the plea of the statute of limitations the plaintiff replied, that his cause of action accrued more than six years preceding the 4th July, 1843—to wit, on the 2d July, 1835; and that at the time his cause of action accrued, he was beyond the limits of Iowa, and did not come into the limits of the territory until six years next previous to the 4th July, 1843, and not until October 21, 1839.

To this replication defendant rejoined, that plaintiff, after coming into the state, did not institute his action within six years. The plaintiff demurred to the rejoinder, and the demurrer was sustained. On the issues joined the jury returned a verdict for the plaintiff, and the court rendered judgment accordingly. It is now urged by the plaintiff in error that the demurrer should have been overruled.

*C. Walker,* for the plaintiff in error. The demurrer filed brought to judicial view the whole record of the pleadings, and imposed on the court the duty of deciding against that

Norris *v.* Slaughter.

party who had committed the first fault in pleading, in substance, as it was a general demurrer which did not reach matters of form. Now, as the plea, replication, and rejoinder, present the facts on the record, and the court judicially will take notice of the statutes of limitations applicable to the case, the only question is, did the pleadings authorize judgment for the plaintiff or not?

No exception is taken to declaration : and the first question is, was the plea (considering it and the declaration alone) a bar to the action? To the plea, as a *prima facie* bar, no exception can plausibly be made, because the cause of action accrued on the 2d July, 1835, and suit was not brought till the 13th April, 1846, more than six years after the cause of action had accrued ; that period being the limitation prescribed for bringing the action, by the law in force, passed in 1843.

Assuming, then, that the plea was a valid bar to the plaintiff's declaration, and was so considered by plaintiff, who filed a replication setting forth facts in avoidance of the plea, this brings up the next question, which is, was the replication a legal avoidance of the plea?

These facts were, that plaintiff was a non-resident when the cause of action accrued,—did not come into the state till Oct. 1839, and that the period of six years had not elapsed before the 4th July, 1843.

The plaintiff stated these facts, doubtless, to bring his case within the operation of the prior act of limitation, which was repealed by the act of 1843. By the former act the limitation was five years, with the saving of five years in behalf of non-residents after coming into the state ; but by the latter acts of 1843 repealing the former, the limitation is, without any saving, six years. The plaintiff therefore claimed, as his action was not barred when the act of 1843 was passed, (having only been in the state four years, and the saving allowing five years,) and as the former law was repealed, he was entitled to six years to prosecute his action after the passage of the acts of 1843.

The question so presented by the replication, as, whether

the plea was answered by the replication, the plaintiff in error insists should have been decided in his favor, being the first defective step in pleading.

Now, without insisting that statutes of limitations relative to the *lex fori* are remedial, and are to be taken by a foreigner as furnished by the state where the remedy is sought, and that he cannot claim any more favor than a resident; and for the purpose of the present argument, not contending that the legislature can take away all remedy by repealing one law which allows further time to sue, and enacting another by which the remedy is barred, it is insisted that the legislature have the power to shorten the period of limitation in their discretion, provided they allow a reasonable time within which to sue; and that the court will not pronounce a law to be unconstitutional emanating from a co-ordinate branch of the government, unless it be a clear and palpable violation of the constitution; and that the period within which suit is to be brought is clearly unreasonable, amounting to mockery rather than redress.    *Blackford* v. *Peltier*, 1 Blackf. 36; *Sturges* v. *Crowningshield*, 4 Wheat. 207; *Ruggles* v. *Keeler*, 3 John. 263.

The plaintiff, as a non-resident, cannot claim more than the benefit of the law in force when the contract was made, and when he came into the state; this would treat the statute of limitations as the law of the contract.

By that law he had five years after he came into the state to sue.   If he was entitled to the five years after he came into the state, then the limitation law was unconstitutional and void, so far as it repealed that saving in his favor.   But he did not bring his action within five years after he came into the state; and therefore, according to the replication, if the acts of 1843 had never passed, he would have been barred. So it appears that if there had been no limitation law but that in force when he came into the state, or the limitation act of 1843, he would have been barred when he did sue.   He was barred by the provisions of the law in force when the contract was made, when it became due, and when he came to the state,

Norris, v. Slaughter.

and by the law in force when he sued, both by the law applicable to the plea, and that applicable to the replication. It will not be overlooked by the court, that the plaintiff had, nearly or about one year after the latter act of limitations took effect, to sue before his protection under the saving of the former acts expired, which this court will not say was unreasonably short, and so much so, as to justify the court in pronouncing that the legislature clearly violated the constitution in regarding it reasonable.

But the plaintiff, by his replication, shows that he is unwilling his case shall be governed by either act of limitation, but claims the benefit of both—of the saving in the former, to show he was not barred when the latter took effect, and of the latter act, as to the time of limitation ; it being six instead of five years, as in the former act.

The plaintiff claims by his replication to make a law out of both acts to suit his case; thus claiming for his protection longer time to sue than what those laws allowed to resident citizens. For, had he resided in the state when his cause of action accrued, his action would have been barred in 1840, under the former act; and he would have been barred under the latter act, whether his residence commenced in 1835 or 1839. The reason for giving the federal courts jurisdiction in case of non-residents is, that they shall have an equal and the same measure of justice as resident citizens, which the partiality of state courts might deny, not more or greater ; so in state legislation as to courts, laws, remedies, actions, pleas, judgments, and executions, the non-resident can claim no more privilege than the resident ; and it is not reasonable to presume that the legislature did intend by law to give him more than their own citizen. But if the patchwork of the replication, made out of two acts of limitation, is to stand, the plaintiff had ten years to sue after he came into the state, when our own citizen would not have had longer than six years, if he had resided in the state ever since 1835, holding a note due at that date.

Had the plaintiff replied that he came into the state in 1839,

Norris *v.* Slaughter.

and had brought suit within five years after he came into the state, and in reasonable time after statute, there would have been some plausibility, some reason, and authority to insist that any law repealing his privilege before it expired, or giving him a reasonable time to exercise it, would take him by surprise, deprive him of his remedy, and was so far void, as it deprived him of his prior remedy. But this is not the claim the plaintiff in his replication makes ; no, he claims a premium, in enlarged time to sue, beyond what was allowed the resident citizen as the reward of his immigration into the state. 1 How. 311 ; 2 *ib.* 613 ; 4 N. H. 473.

Once more, the statute of limitations is wholly remedial, and under the control of the legislature, or it is in part, or in *toto;* a law of the contract enters into it, and cannot be repealed, so far as the plaintiff's contract is concerned. Now, if it belongs to the former, there is no pretence to say that the former acts of limitation can be relied on in the replication ; because no obligation of the contract is violated, the law being no part of it.

But if it belongs to the latter, and enters into and forms a part of the obligation of the contract, then the latter limitation law, so far as it infringes rights under the former act, and no farther, is void ; and in this respect limitation laws do not differ from other laws which impair contracts. 4 Cow. 530 ; *Ruggles* v. *Keeler,* 3 John. 267 ; 5 Peters, 276.

The view taken, if correct, renders it unnecessary to consider the rejoinder, and the demurrer ought to have been sustained. But the rejoinder asserts that he has had six years within which to prosecute his suit since he came into the state, and in which he did not bring suit ; so as to show whether the five years, as under the former act, or six years, as under the latter act, since the plaintiff's cause of action accrued, or since he came to the state, be properly claimed for the plaintiff, he has had the full benefit of the law—the same benefit as a resident citizen. It is therefore insisted, that if we regard the last act of limitation operating on the case, it was barred ; if the plaintiff below relies on the former act, then he is barred

according to its operation ; and if the latter act only partially repeal former' acts, it still leaves about one year to plaintiff below to sue before he would be barred as a resident, placing him in the same situation as if 'he had been a resident.   To decide otherwise would confound the distinction between right and remedy, and prevent legislation from making those alterations which the interests of society may require, without impairing the obligation of contracts.

*Hall* and *Mason*, for the defendant.   The following argument was submitted in writing by Judge Mason :

Where a statute of limitations unqualifiedly repeals the previous statute, without any declaration in relation to those cases where the period of limitation is partially expired under the old law, the time has to commence anew under the new statute.   *Piatt* v. *Vattier*, 1 McLean, 156.

But where the whole time shall have expired under the old law, the repeal of that law will not revive the cause of the action.   1 Hill, 333.

The courts will not give a statute of limitations a retroactive effect, unless the will of the legislature to that effect is clearly manifest.   *Garrett* v. *Wiggins*, 1 Scam. 335.

It is beyond the constitutional power of the legislature, however clearly they may have declared their intention to that effect, to give a retrospective effect to a statute, so as to take effect upon a case where it would have the effect of barring the right of action at once.   See *Piatt* v. *Vattier*, above cited.

These are plain and well-settled principles of law, and they decide this case in favor of the defendant in error.

If, when the act of 1843 was passed, the defendant in error had a subsisting right of action, and if that act of 1843 was not intended to be retrospective, he had six years from the passage of that act within which to bring suit, inasmuch as the act of 1843 unqualifiedly repeals the previous statute, without any saving of those cases where the time of limitation was partially expired.

Or if, in 1843, the defendant in error had a subsisting right

of action, and if the act of 1843 was intended to operate retro-spectively, the legislature had no power to give it such an operation as to the present case, because that would have the effect of annihilating at once the then existing right of action. The debt had been then due about eight years, having accrued in 1835.

But had the defendant in error a subsisting right of action at the time the statute of 1843 took effect? Most undoubtedly. It is true, the debt had been due eight years; but he had been a non-resident of the territory about one half of that time; and by the law in force prior to 1843, such time of non-residence was not to be reckoned as part of the period of limitation.

In our replication, therefore, we state, in the first place, that the cause of action accrued more than six years prior to the taking effect of the act of 1843, to show, that if that act is to apply to this case it destroys all remedy at once; and at the same time to show that our right of action was not dead prior to the taking effect of the new law, we state, that at the time the cause of action accrued, and until the 21st day of October, 1839, the plaintiff below was beyond the limits of this state.

We do not claim any rights under the old law, and only bring it in to show that when the new law took effect our right of action was still subsisting; for if it had been barred under the old law, the repeal of that law would not have revived it.

Where a statute of limitations contains no provision in relation to cases where the time of limitation has commenced running, the whole time must be computed from the date of the passage of the statute.    8 Wend. 664; 10 Wend. 365; 1 McLean, 156.

What we mean by leaving a reasonable time is, that there should be a reasonable time under the new law—not that the old statute left a reasonable time.    Now the act of 1843, if it have effect on this case, entirely repeals all remedy; for the debt had been due eight years.    The fact that he would have had two years by the statute of 1839, if unrepealed, is not material, because that law was unconditionally repealed.

Norris *v.* Slaughter.

If the plaintiff has ten years after he comes into the state, it is because the law is thus written. But for the statute there would be much more time. If the defendant seeks the benefit of the limitation act he must take it as he finds it.

In the case in 8 Wend. 664, the widow had her lifetime in which to bring her suit, before the revised statutes were enacted. These statutes limited it to twenty years. As this time had previously elapsed, the court decided that she had twenty years after the taking effect of these statutes. They did not leave her the rights she would have held under the old statute, as would be the case in the present instance, if our client were limited to the balance of the limitation fixed by the act of 1839, instead of having six full years under the act of 1843.

*Opinion by* HASTINGS, C. J. The defendant in error sued the plaintiff in error, on a note drawn in the year 1830, due five years after date. The statute of limitations of Michigan was then in force, which statute was repealed in 1840. The statute of limitations of 1839 was repealed by the statute of 1843, which last statute is now in force, and absolutely repealed the statute of 1839, containing no saving clause for the benefit of debtors, as to the time which the repealed statutes had run, nor any saving clause as to creditors who should be absent from the state when their cause of action accrued. (1)

The pleadings are such as to directly raise the question, whether a debtor can have the benefits of the statute of 1843 until the statute shall have been in force six years, and shall have run six years after the cause of action accrued? To settle this question, we will be governed by several legal inferences, drawn from the nature and meaning of a statute of limitations, and the numerous decisions upon such statute.

1. That where a statute of limitations shall have been unconditionally repealed, without any saving clause as to former rights accruing and incomplete under the repealed act, the rights of parties shall be adjudicated in the same manner as if the repealed act had never existed. 1 Hill's R. 328, 332, and authorities referred to in that case.

2. If a part of the time limited has run under a prior act, which is repealed by a subsequent act without a saving clause, the computation of time must be from the passage of the last act. 8 Wend. 664; 10 Wend. 365.

3. That a remedial statute shall be considered a rule of future action, and apply only to cases in future, unless by express provision the statute is to operate retroactively, and it cannot so act to the prejudice of vested rights. 10 Wend. 365; 8 Wend. 661, 664.

4. That when a statute has run the prescribed time, and is afterwards repealed, the creditor is barred, and no subsequent act of the legislature will cause the case to survive, the presumption of payment being complete and fixed. 3 N. Hamp. 378; 1 Hill, 333.

5. That the legislature has the power to enlarge the time for the statute to run, to repeal the statute which has run a part of the time prescribed, and to give past creditors the same length of time to prosecute their claims as future creditors, and to reserve to debtors the time which the repealed act has run. 1 McLean, 156; 1 Scam. 335.

Applying, then, the above principles to the present case, and it will readily be seen that the decision of the court below must be affirmed.

The defendant filed his rejoinder to plaintiff's plea, setting up that the plaintiff came into the territory on the 25th of October, 1839, and did not institute this suit until after the expiration of six years after his coming into the said territory of Iowa.

To which the plaintiff demurred. This rejoinder would unquestionably have been sustainable, if the legislature, in the act of 1843, had saved the time the repealed act had run, as was the case with the act of Ohio, 1810, repealing the act of 1804, on which was decided *Piatt* v. *Vattier et al.* 1 McLean, R. 157.

Much of the confusion, arising from the construction put on the statute of limitations, originates from the presence or absence of the different saving clauses.

Norris *v.* Slaughter.

If the legislature choose to repeal all statutes limiting actions, their right to do so will not be questioned. If they pass other acts, repealing former acts, without reservation, it will be presumed they intend that in all future litigation a plaintiff shall not be bound, unless the full time limited shall have fully run, after the passage of the act.

Much reliance is placed, by counsel who argued this case for plaintiff in error, on the case of *Woart* v. *Winnick*, 3 New Hamp. 473. The decision in that case declares nothing more than that the right of parties litigant in actions actually pending shall not be impaired by a statute of New Hampshire repealing a former act of limitations. This decision does not conflict with the principle we have asserted. It cannot be that the legislature have not the power to enlarge the time in a statute of limitations, as well to contracts existing at the time as to all future contracts, so they do not impair rights vested in actions pending, or rights settled by the repealed act.

The statute provides, that when all other evidence shall fail of the payment of a debt, lapse of time shall raise a presumption of the payment.

The statute is denominated a statute of repose, and does not enter into the contract, or form a part of the consideration which induces the debtor to contract.

It is his duty, and in his power, to preserve evidence of payment; and he needs no legislative action to protect him in his rights. If he pay his debts, he can have them canceled; and if the legislature shorten or lengthen the time required to raise a presumption of payment, it impairs no rights of his, but protects the courts of justice from vexatious and annoying litigation.

Judgment affirmed.

(1) Vide *Rev. Stat.* 386, § 10.