*Grimes & Starr,* for plaintiff in error.

*D. Rorer,* for defendant.

---•-•-•---

FORSYTH & CO. *v.* RIPLEY.

2g 181
94 421

The statute of limitations, approved Feb. 15, 1843, cannot be pleaded in bar of an action of debt, covenant, &c., within six years after the act commenced running.

The decision in *Norris* v. *Slaughter,* 1 G. Greene 338, approved.

The limitation act of 1839, having been unconditionally repealed by the act of 1843, without a saving clause, the time which an indebtedness had run under the old act, cannot be included as limitation time under the new act.

As the limitation act of 1839, had not been in force the requisite period of six years, nor connected with the Michigan act of 1820, it cannot be pleaded as a bar to an action of debt.

A repealed statute of limitations, under which an action had been barred, should be specially pleaded.

Forsyth *v.* Ripley.

At common law, payment from lapse of time will not be presumed, unless the debt has run twenty years, and the debtor pleads or alleges payment. No statute should have a retrospect beyond the period of its commencement, nor be so construed as to divest acquired rights.

### *Error to Des Moines District Court.*

*Opinion by* GREENE, J. This was an action of debt on a note under seal, executed March 8, 1834, by John Ripley; payable three months after date to John A. Forsyth & Co. The defendant pleaded the statute of limitations; to this plea the plaintiffs demurred, and the demurrer was overruled. It is urged that the court erred in overruling the demurrer, on the ground that no statute of limitations had been pleaded, which could operate as a bar to the action. By former adjudications of this court, it has been repeatedly decided that the statute of limitations, approved, February 15, 1843, (*Rev. Stat.* 384,) cannot be successfully pleaded in an action of debt, covenant, &c., within six years after the act commenced running. As the act acquired no vitality till July 4, 1843, (*Rev. Stat.*, 377 §1,) and as it repealed, without saving clause or connection, the limitation law then in force, any such action, commenced prior to the 4th July, 1849, cannot be barred under that statute. The present action was commenced Sept. 9, 1848, and is within the limitation period. This principle was first recognized by this court in *Norris* v. *Slaughter*, 1 G. Greene 338.

The "several legal inferences" in *Norris* v. *Slaughter*, we do not regard as mere *dicta*, as is claimed by counsel, but as approved rules and established principles, which governed the decision in that case, and which we must continue to recognize as sound principles of law. Having been so repeatedly guided by those rules in analagous decisions, a review of the reasons which lead us to their adoption, can hardly be deemed necessary. With whatever favor courts may contemplate such an act, in extending peace and repose to the negligent debtor, we cannot

by implication, divest the rights of a creditor, by giving to a legislative enactment a retrospective operation.

As the act for the limitation of actions, approved January 25, 1839, was unconditionally repealed by the present law, without reservation, connection or saving clause, the time which the indebtedness had run under the old law, could not, with a proper regard to legal construction or legislative intention, be included as limitation time with the law now in force. And as the act of 1839 had not been in force the requisite period of six years, nor connected with the Michigan act of 1820, it could not even if pleaded, operate as a bar to the present action. Nor could the Michigan act of 1820 be successfully pleaded. That act, if applicable to an action of debt on a writing obligatory, did not commence to run on the present instrument until June 8, 1834, and in less than five years was superceded by the limitation law of 1839, which was also enacted without connection or continuation with the prior statute.

But had the indebtedness run a sufficient time under either of the old statutes to bar the action, the repealed law relied upon, should have been specially pleaded; otherwise the plea of limitation will be considered as applying only to the law in force. Under this rule, which we regard as salutary, it is not necessary to decide whether the present action is comprehended within the objects of limitation designated by the Michigan act; for neither that, nor the act of 1839, can be appropriately urged, as applicable to the present proceeding.

It is contended by counsel for the defendant in error, that the court below properly overruled the demurrer, because payment might be presumed at common law, from the lapse of time. This position for two conclusive reasons, cannot prevail. 1. The lapse of time after the cause of action accrued, is not sufficient to justify such a presumption in law. 2. A party can only avail himself of this presumption under a plea or allegation of payment. Cowen & Hill's Notes, 316, 350, 351; *Tibbs* v. *Clark*, 5 Monroe 526. And even where twenty years have elapsed

the presumption of payment is not absolute.   Such a lapse of time after the right of action accrues, amounts only to a circumstance on which to found the presumption of payment, and is not in itself a legal bar to the action.   *Jackson* v. *Pierce*, 10 John 417; *Bailey* v. *Jackson*, 16 John 210; *McDowel* v. *Charles*, 6 John Ch. R. 132.

In deciding *Norris* v. *Slaughter*, and the present case on the statute of limitations, we have been mainly guided by the wholesome and familiar rule of law, that no statute should have a retrospect beyond the period of its commencement, and should never be so construed as to divest acquired rights.   *Dash* v. *Van Kleeck*, 7 John. 477; *Sayre* v. *Wisner*, 8 Wend. 661; *Fairbanks* v. *Wood*, 17 *ib.* 329; *Miller* v. *Whitaker*, 5 Hill 408; *Calkins* v. *Calkins*, 3 Barbour 306.

Judgment reversed.

*Henry W. Starr*, for plaintiff in error.

*D. Rorer*, for defendant.