Mr. Chief Justice Johnson delivered the opinion of the Court. The instrument sued upon was executed on the 9th October, A.D. 1841, and made payable three months after date, and the suit was commenced on the 7th May, 1847. The instrument is a writing under seal, and, consequently, under the law in force at the 'time of its execution, was limited to the space of five years. There can be no doubt, therefore, but- that the action was barred by the lapse of time, unless the act of 1844 had the effect to postpone the bar. The 1st section of that act declares “ that actions on promissory notes and other instruments in writing, not under seal, shall be commenced within five years after the cause of action shall accrue, and not after; actions on the official bonds of sheriffs and coroners, shall be commenced within four years after the cause of action shall accrue, and not after-wards ; actions on the bonds of executors and administrators shall be commenced within eight years after the cause of action shall accrue, and not afterwards; and actions on all other writings obligatory, bonds, writings under seal, and judgments and decrees, shall be commenced within ten years after the cause of action shall accrue, and not afterwards.” It is contended, by the plaintiff in error, that, although the writing sued upon is barred by the statute which was in force at the time of its execution and maturity, yet the time was extended by the act of 1844, and that by this act the bar was postponed to a period posterior to the institution of the suit. It was said by this-Court, in the case of Baldwin vs. Cross, that, “in the People vs. The Supervisors of the Columbia College, (10 Wend. 865,) the Court said that the statute of limitations, like all other acts, is prospective, and so ought to be construed unless otherwise expressed, or that they cannot have the intended operation by any other than a retrospective construction. The general rule is that no statute is to have a retrospective operation beyond its commencement. (Sayre vs. Wisner, 8 Wend. 663.) And in Dash vs. Van Kleek, (7 J. R.,) it is held that no statute can be construed retrospectively when it takes away a subsisting light. It cannot cut off all remedy and deprive a party of his right of action. Our Revised Statutes apply to limitations of actions or causes of action accruing or existing subsequent to their taking effect. The rule relates to future contracts which would be barred according to its provisions, or to existing demands, as if they had accrued at the time the statute commenced its operation.” This was the doctrine held upon the following language: “ The following actions shall be commenced within three years after the passage of the act, or, when the cause of action shall not have accrued at the taking, effect of this act, within three years after the cause of action shall accrue.” This Court, in the case of Couch vs. McKee, (1 Eng. R. 493,) when passing upon the first branch of the section now under consideration, said: “ It is clear, from the language employed by the legislature in the act under consideration, that it was intended that its operation should be prospective, that it was intended to apply to causes of action thereafter accruing, and not to those already barred by the laws then in force. The language employed is, “ that actions on promissory notes and other instruments in writing, not under seal, shall be commenced within five years after the cause of action shall accrue, and not after,” language relating to future causes of action and not to those already barred. As far as courts of justice have ever gone in giving operative effect to statutes of limitations to contracts existing at the time of their passage, is to such contracts as are not barred by previous statutes. (The People vs. Supervisors, &c., 10 Wend. 375. Baldwin vs. Cross, 5 Ark. 510.” We do not feel called bp on to express any opinion as to the effect of the act of 1844 upon contracts then subsisting but which had not fallen due at the date of its passage, as that point is not raised by the record. The contract under consideration had not only been executed, but the cause of action had actually accrued long before the passage of the act of 1844, and, consequently, the only question presented is, whether the language of the act will warrant a retrospective construction, so as to go back and to extend the time prescribed by the law then in force. It is perfectly manifest that the act of 1844 looked alone to contracts where the cause of action had not accrued at the date of its passage, and, consequently, cannot receive such a-construction as to apply to the instrument under consideration. True it is that this act expressly repealed all such parts af the act of 1839 as were in conflict with it. According to this construction of the latter act, there is no conflict between that and the former. The Circuit Court, therefore, decided correctly in sustaining the defendant’s plea of the statute of limitations. (See Calvert vs. Lowell, delivered at the July term, 1849, of this Court.) This plea being sufficient to defeat the action and a perfected bar to it, supersedes the necessity of passing upon other points raised upon the trial. The judgment of the Circuit Court of Sevier county, herein rendered, is, therefore, in all things, affirmed. Scott, J., not sitting, the cause having been tried before him, in the Court below, whilst one of the Circuit Judges.