Mr. Chief Justice Johnson delivered the opinion of the court. The judgment sued upon in this case was rendered in the State of Tennessee, in May, 1840, and this suit was not commenced until the 4th March, A. D. 1847. Prior to the passage of the act of the 20th of March, 1839, there was no statute in. force in this State as to limitations upon foreign judgments. The provision which embraces them, is the 16th Sec. of Chap. 99 of the Digest, which is, that “ All actions not included in the foregoing provisions, shall be commenced within five years after the cause of action shall have accrued.” (See 5 Ark. Rep. 512, Baldwin v. Cross; and Digest p. 698.) Corporations are not within the saving clause of the statute of limitations put into operation on the 20th March, 1839, and as a necessary consequence, that statute commenced running against the judgment in suit from the time of its rendition in May, 1840, (5 Eng. Rep. p. 525, Clarke v. Bank of Mississippi.) But foreign corporations were embraced in the act of 14th December, 1844, by which the previous limitation was extended for two years in favor of persons residing beyond the limits of this State at the passage of that act. The enactment in favor of persons residing beyond the limits of this State at the passage of the act of December 14th, 1844, was not intended to revive causes of action that were at that time barred by any statute of limitations, the words “ notwithstanding, such suit or suits may be barred,” having reference not to the time of the passage of the act, 1 within the period of the two years allowed whenw be commenced. Thereby in legal effect prolong limitation in any cause of action belonging to aij not barred at the passage of the act, (but which j wise barred in the regular running of the statuffi at any time between the passage of the act and of the period of two years) to the end of that period. (See the case last cited at page 526.) The cause of action, therefore, having accrued in May, A. D. 1840, and the statute having commenced running' against it from the da}^ of its rendition, it necessarily follows that it would have been barred in May, 1845, had not the act of 1844 extended it for two years from its date, which, of course, prolonged the time and postponed the bar until the 14th of December, 1846. The cause of action having arisen in May, 1840, and the statute of limitations of 20th March, 1839, having immediately attached to it, it is clear that a plea setting up a lapse of five years since the accrual of such cause of action, would be a complete bar, unless the plaintiff should admit the fact of such lapse of five years, and by way of avoiding its effect, set up by way of replication that it was still not barred, since it was not barred at the passage of the act of 14th December, 1844, and that she had commenced her action within two years from that time. This she has not chosen to do, and, consequently, the plea being a complete bar, and in no way avoidable, must be permitted to prevail. The first replication to the plea of five years, is, that the plaintiff existed, resided and obtained judgment in the state,.of Tennessee, and the defendants removed and resided in the State of Arkansas, and beyond the jurisdiction of the said State of Tennessee, and that the said plaintiff has not been within the jurisdiction of the Circuit Court of Jefferson county within five years next before commencement of this suit, and that the said disability had not been remoyed five years next before the commencement of this suit. To put this replication upon the strongest ground for the plaintiff, it c.annot possibly amount to an answer to the plea. To admit that the plaintiff resided in the State of Tennessee at the time of the accrual of the cause of action, and that she so continued to reside there up to the institution of this •suit, and also that the defendants had been residents of this State during the same time, could not give the least aid to the replication. The construction already given to the several statutes bearing upon the subject, is predicated upon precisely such ¡a state of facts. The second replication to this plea is, that the statute of five years, by the defendants pleaded, is no bar to the plaintiff’s right of action. This tenders no issue of fact, but one purely of law, and consequently, is not admissible by way of repli¡cation. We are fully satisfied that neither of the replications was responsive to the plea, and, that consequently, the Circuit Court decided correctly in sustaining the demurrer to both, and also in giving final judgment against the plaintiff upon her refusal to plead further. The judgment of the Circuit Court herein rendered, is therefore, in all things affirmed.