Brewster *v.* Brewster.

---

---

ELIZABETH BREWSTER *vs.* ORRISON BREWSTER.

The limitation of 20 years, prescribed by the revised statutes for actions to recover dower, is applicable to cases where the husband died and the wife's title accrued previous to the passage of the revised statutes. PECKHAM, J. dissented.

APPEAL by the defendant from an order made at a special term, sustaining the plaintiff's demurrer to the answer of the defendant. The facts are sufficiently stated in the opinion of the court.

Brewster *v.* Brewster.

*W. A. Beach,* for the defendant.

*O. H. Denio,* for the plaintiff.

HOGEBOOM, J. This is an action of ejectment for dower, commenced in 1859. The answer alleges that the plaintiff's husband died in 1827, and that she, being under no disability, has not prior to this suit, in any way demanded her dower, nor had the same assigned or admeasured to her, and is therefore barred of her action. To this answer the plaintiff demurred as not constituting a defense to the action, and the court at special term sustained the demurrer, with liberty to the defendant to answer over. The question presented by the demurrer therefore is, whether the limitation of 20 years prescribed by the revised statutes of 1830 for actions to recover dower, is applicable to cases where the husband died, and the wife's title accrued prior to 1830.

Prior to 1830 the law of 1813 was in force, giving to the widow the right to demand her dower at any time *during her life.* (1 *R. L. of* 1813, *p.* 60, § 1.) While this law was in force the husband died, and the wife's title became vested, and if the law had not been changed she, of course, could have demanded her dower and brought her action at any time during her life. But in 1830 the revised statutes took effect, and they provide that, "a widow shall demand her dower within twenty years after the death of her husband." This statute is undoubtedly prospective, and not retrospective; that is, the limitation specified therein shall not operate to bar dower until at least twenty years after the passage of the act and twenty years after the death of the husband: but there seems no good reason why a reasonable limitation, adopted from reasons of general policy applicable to all cases, should not be applied to cases where the husband's death has already occurred; provided the period of limitation applicable to all other cases is not curtailed. There is no constitutional provision violated; there is no impairing of the obligation of contracts; there is no interference with

vested rights. There is no vested right in a statute of limit-
ations. The period of limitation of actions is within the
control of the legislature, subject, perhaps, to the implied re-
striction that it shall not be so exercised as substantially to
destroy or impair a vested right. Hence, in *The People* v.
*The Supervisors of Columbia,* (10 *Wend.* 365,) the court
say: " The revised statutes apply the limitation to actions,
or causes of action, accruing or *existing* subsequent to their
taking effect. They apply to existing demands as if they
had accrued at the time when the statute commenced its
operation. If the state neglects to prosecute for the period
which protects individual claims, it loses the demand in the
same manner as individuals do; but the demand in question
would not be barred upon that principle, until six years after
the revised statutes became the law of the state." In *Spoor*
v. *Wells,* (3. *Barb. Ch.* 199,) the chancellor held, under the
provisions of the revised statutes fixing a limitation of 20
years to equitable actions, that an equitable claim upon
which a bill in chancery could have been filed previous to the
first of January, 1830, and where the complainant was under
no legal disability, is barred, by the provisions of the revised
statutes, at the expiration of ten years after the revised stat-
utes went into operation. In *Sayre* v. *Wisner,* (8 *Wend.*
664,) which was an action of ejectment for dower, brought
in 1830, while the court refused to apply the limitation of
the revised statutes to the plaintiff's claim, for the reason that
the husband had been dead more than 20 years before and the
plaintiffs had acquired a vested right in the premises in con-
troversy, they at the same time say: "It is strictly within
the reason of the rule of construction above referred to, to
say that it may be applicable to cases of *previous death,* but
not till 20 years after the statute takes effect." The same
rule was laid down in *Ward* v. *Kilts,* (12 *Wend.* 139,) which
was an action of ejectment for dower, commenced in 1832,
where the husband died in 1809 or 1810, and the court say:
" As to the right of dower being barred by lapse of time, this

point has been settled, in *Sayre* v. *Wisner*, (8 *Wend.* 661,) which decides the revised statutes creating the limitation to be prospective and therefore not applicable here;" by which I understand the court to mean, that after the lapse of 20 years from the passage of the act, the right of action would be barred. In *Williamson* v. *Field*, (2 *Sandf. Ch.* 568,) Vice Chancellor Sandford, in discussing the ten years' limitation applied by the revised statutes to suits in equity, held that it did not apply to rights of action which accrued prior to 1830. Vice Chancellor Hoffman came to the opposite conclusion, in *Lawrence* v. *Trustees of the Leake and Watts Orphan House,* (2 *Denio,* 583.) In *Calkins* v. *Calkins,* (3 *Barb. S. C. R.* 309,) Justice Mason at special term reached the same conclusion as to the equity limitation with Vice Chancellor Sandford. But I think the weight of authority and the reason of the rule are stronger in favor of the application of the limitation contended for, and that it is not inconsistent with the language of the statute. It should therefore be held to apply.

The revised statutes, and the limitation provided therein, are therefore applicable to this case, unless there is some exception in them, or in the code which forbids such application. This exception is supposed to be contained in 2 Revised Statutes 300, section 45, which provides that "the provisions of the preceding articles of this title shall not apply to any actions commenced, not to any cases where the right of action shall have accrued, or the right of entry shall exist before the time when this chapter takes effect as a law, but the same shall remain subject to the laws now in force." The title herein referred to is title 2 of chapter 4 of part 3 of the revised statutes, which does not fix the limitation of actions for dower. The latter is contained in title 3 of chapter 1 of part 2 of the revised statutes. The exception is therefore inapplicable to the present case. The same remark may be made in regard to section 73 of the code, title 2, which regulates the time of commencing civil actions, but expressly

declares that as "to actions already commenced or to cases where the right of action has already accrued, the *statutes now in force* shall be applicable to such cases according to the subject of the action and without regard to the form."

Again; reference is made to section 11 of title 5 of chapter 1 of part 2 of the revised statutes, (1 *R. S.* 750,) being the closing section in that chapter, as withdrawing the present action from the operation of the 20 years' limitation. That section is as follows: "None of the provisions of this chapter, except those converting formal trusts into legal estates, shall be construed as altering or impairing any vested estate, interest or right, or as altering or affecting the contruction of any deed, will or other instrument, which shall have taken effect at any time before this chapter shall be in force as a law."

I have already expressed the opinion that a mere making or alteration of a statute of limitations does not alter or impair any vested estate, interest or right. It is in no wise impaired in its nature or legal effect; it remains in every respect precisely the same. To say that a statute of limitations cannot be passed, regulating the period of its enforcement, is to say, in substance, that no general legislation whatever can take place on this subject, and would be a degree of restriction upon legislative action, not heretofore supposed to exist. Statutes of limitation are now conceded to be merely statutes regulating the remedy, and not impairing the right, unless, as before stated, they are carried to that degree as to be virtually destructive of the right. The statute in question is not of that character, but on the contrary may be regarded as a salutary limitation, dictated by a wise policy.

The order of the special term must be reversed with costs, and judgment must be given for the defendant upon the demurrer, with leave to the plaintiff to amend on payment of costs.

GOULD J. concurred.

Brewster *v.* Brewster.

PECKHAM, J. (Dissenting.) I concur generally in the reasoning and principles of the foregoing opinion of Justice Hogeboom; but I dissent from the opinion in its application to this case. I agree that the statute as to dower, is prospective; and in my judgment it was intended to apply to those cases only where the husband should die after the passage of the act. This, I think, best accords with the language and spirit of the act. I do not deny the power, but the purpose, of the legislature.

To make it apply here, its language should be amended so as to read, "a widow shall demand her dower within twenty years after the death of her husband," (by adding,) "or if she be already a widow, then within twenty years from the passage of this act." This would, perhaps, be a good amendment; but it had better be made by the legislature, rather than by the courts.

In all analogous cases, it is clear that the legislature imposed no limitation where the right of action had already accrued—a fair inference that they intended none here, unless clearly expressed otherwise. Nor do I deem it safe, in construing a statute, to rely to any extent—certainly not to any great extent—upon the policy or expediency of passing such an act. It is safer, in my opinion, in interpreting a statute, to give the language its plain, palpable meaning, and not enlarge or extend it by construction.

The principle, too, of applying statutes to future cases—that they shall operate *in futuro* rather than to the past—is better preserved by this construction.

Judgment for defendant.

[ALBANY GENERAL TERM, May 7, 1860. *Gould, Hogeboom* and *Peckham,* Justices.]