By the Court.—Freedman. J.
The motion for *132 defendant’s discharge from imprisonment under the execution issued against his person, was based upon the provisions of § 572 of the Code of Civil Procedure, as amended by chapter 672 of the Laws of 1886. The amendment took effect June 15, 1886. The grounds of the motion were : (1.) that at the time of the issuing of the execution against defendant’s person more than ten days had elapsed since the return of the execution against defendant’s property; and (2.) that at the time of the issuing of the execution against defendant’s person more than three months had elapsed since the entry of judgment.
Prior to the amendment of 1886, the first ground did not exist in favor of any defendant, and the second ground was available only to a defendant in actual custody, by virtue of an order of arrest in the action, or upon a surrender in exoneration of his bail.
The amendment of 1886 abolished the requirement of actual custody in all cases, and otherwise enlarged the grounds upon which a discharge may be applied for and granted. One of the new grounds provided for is the neglect of the plaintiff to issue execution against defendant’s person within ten days after the return of the execution against defendant’s property.
In the case at bar, plaintiff-recovered a judgment against the defendant for personal injuries for $2804.92, on February 1, 1886. Execution against the property of the defendant was returned by the sheriff unsatisfied on May 25, 1886. Execution against the person of the defendant was issued on September 7, 1886.
Inasmuch as it thus appears that both the recovery of the judgment and the return of the execution against the property, took place before the passage of the amendment, and at a time when the plaintiff was under no duty to issue execution against the person within ten days after the return of the execution against the property, and within three months after the entry of the judgment hi cause the defendant was not in custody, *133 the plaintiff’s time within which to issue execution against the person, should, under the decision of De Silver v. Holden (ante p. 1), be computed- from the day the amendment took effect, viz: June 15, 1886. When thus computed it will be found that, although the plaintiff did issue the execution against defendant’s person within three months after the amendment had taken effect, it was not done within ten days. This is quite a serious objection, for the language of § 572 as amended is, “ ... if the plaintiff . . . neglects to issue execution against the person of the defendant within ten days after the return of the execution against the property, and in any event neglects to issue the same within three months after the entry of the judgment ...”
It therefore remains to be seen whether the plaintiff showed reasonable cause for a denial of defendant’s motion. Section 572 is not peremptory. It authorizes in express terms a denial of the application whenever reasonable cause is shown why the application should not be granted.
What the plaintiff did show was that on June 7, 1886, he obtained an order for the examination of the defendant in supplementary proceedings; that the "examination of the defendant was not concluded until August 12; and that between the last-named day and the day of the date of the execution against the person, viz: September 7, plaintiff’s attorney was out of the city on his vacation.
The absence of the attorney from the city cannot be accepted as an excuse. Nor does § 572 recognize the institution of supplementary proceedings as an excuse for postponing the issuing of the execution against the person. Moreover the defendant showed that the supplementary proceedings were unnecessarily prolonged by plaintiff’s attorney, so that he, the defendant, although he never asked for an adjournment, was compelled to attend court on six different occasions. He *134 also showed by affidavit that he verily believed that his attendance was thus compelled, in order to annoy him and to induce him to compel his wife to sign a deed for some real estate which he owned in Bermuda and which deed he had offered to the plaintiff on the first day of his examination, but which his wife had refused to sign.
Under these circumstances, if § 572 applies to plaintiff’s case at all, the learned judge who made the order appealed from, may be deemed to have held, and to have very properly held, that reasonable cause was not shown for a denial of defendant’s application.
The last question to be considered therefore is whether § 572 as amended applies to plaintiff’s case at all.
The plaintiff contends that it does not, (1.) because the judgment was recovered and the execution against the property returned prior to its amendment, and the defendant was not then in actual custody, and (2.) because no order of arrest was ever granted in the action.
As to the first point it may be conceded that a statute is not to be construed to operate retrospectively, so as to take away a vested right. The cases of Dash v. Van Kleeck (7 John. 477), and Sayre v. Wisner (8 Wend. 661), which were cited by the plaintiff, enforce this doctrine, but go no further. At the same time it must also be conceded, as it was conceded in the case last referred to, that it is strictly within the reason of the said rule of construction to hold that a statute of limitation, containing upon its face no exceptions, may be made to apply to cases already existing, provided the limitation is computed from the time the statute takes effect. This qualification is especially applicable to statutes which do not directly affect a vested right, but only the remedy upon it. A limitation of time within which an execution against the person may or must be issued, is a statutory provision of this character. It affects only the remedy.
A construction of the statute, therefore, under which *135 the running of the statute is computed from the time the statute went into effect, does not impair any vested right. Under this rule of construction the plaintiff was bound to issue his execution against defendant’s person within ten days after the 15th of June, 1886.
As to the second point the plaintiff contends that, because § 572 is a section contained in Title I. of chapter VII. of the Code of Civil Procedure, which title relates to arrest pending the action and the proceedings thereon, it should be construed to apply only to cases in which an order of arrest has been obtained. This may be freely admitted to be a close question. But as the language of the section as amended does not show the limitation contended for, and the limitation cannot be imposed upon the section without the interpolation of words which the legislature did not see fit to insert, and in as much as the words “ in any event,” if effect is to be given to them, apply to all cases indiscriminately, and the inference is not an improbable one that the legislature meant to provide for all cases of executions against the person irrespective of the question whether or not an order of arrest was in fact obtained, with the single exception of a case where an order of arrest can be granted only by the court, the point contended for should be decided against the plaintiff.
The order should be affirmed with ten dollars costs and disbursements.
Sedg viok, Ch. J., and Ingraham, J., concurred.