Calkins *v.* Calkins.

---

3   305
71h 119
3b 305
159a 370

CHENANGO SPECIAL TERM, March, 1848. *Mason,* Justice.

## CALKINS *vs.* CALKINS and others.

Where, after a mortgagee had been in the uninterrupted possession of the mortgaged premises about twenty years, the mortgagee commenced proceedings to foreclose the mortgage, by advertisement under the statute; *Held,* that this amounted to a recognition of the mortgage as an open and subsisting security, and was to be regarded as an unqualified admission, by the mortgagee, of the mortgagor's right to redeem; and that it was sufficient to authorize the filing of a bill for redemption, and for an account of the rents and profits, although more than twenty years had elapsed.

It is a general principle that no lapse of time will bar the right of a mortgagor to

---

Calkins *v.* Calkins.

---

redeem, so long as the mortgage has been treated, by the parties, as a subsisting mortgage and security only.

The provision of the revised statutes, prescribing a limitation of ten years to suits of exclusive equitable cognizance, does not apply to a right to redeem, which was vested and perfect before those statutes took effect.

No statute is to have a retrospect beyond the term of its commencement. And a statute should never be so construed as to divest a right already acquired, if it be susceptible of any other construction.

A mortgage upon land is a mere security for the debt; and the interest of the mortgagee is a mere chattel interest.

Terms upon which a redemption is to be allowed, where the mortgagee has gone into possession of the mortgaged premises, without a foreclosure; and the principles upon which the account of the rents and profits is to be taken.

IN EQUITY. The bill in this case was filed by the mortgagor to redeem, and for an account of the rents and profits of the land received by the mortgagee, and those claiming under him, during the time they had possessed the premises. The mortgage was given in January, 1817, and several payments were made by the mortgagor, which were endorsed upon the mortgage. When the last payment fell due, default was made in the payment; and after such default, and in the year 1820, John Thompson, who then owned and held the bond and mortgage, by assignment, took possession of the premises and retained it until he assigned the bond and mortgage to Mather Calkins, the defendant against whom the original bill was filed. Mather Calkins then took possession of the premises, and retained the possession up to the time he conveyed away the premises. The complainant's original bill was filed on the 20th day of July, 1842. The defendants, Isbell and Tucker, are in possession under title derived from Mather Calkins. The former obtained his title in 1841, and the latter in 1838, and they have possessed the premises, and received the rents and profits, ever since. It appeared, in short, from the case, that the assignee of the mortgage went into the possession of the premises after a default in the payment and the forfeiture of the mortgage; and that he and those claiming title from him have been in possession of the premises for twenty-two years; and that for that time there have been no payments upon the mortgage, and no accounting or request to account for the rents and profits of the land.

*D. Gray*, for the plaintiff.

*B. F. Rexford*, for the defendant.

MASON, J.   The first question which I propose to consider in this case is, is the complainant entitled to redeem, and to have an account of the rents and profits of the land, after the lapse of twenty years?

It is a familiar and well settled rule in equity, that twenty years possession by a mortgagee, without any account or acknowledgment of a subsisting mortgage, is a bar to all equity of redemption ; unless the mortgagor labors under the disability contained in the proviso of the statute of limitations. (*Moore* v. *Cable*, 1 *John. Ch. Rep.* 385. *Demarest* v. *Wynkoop*, 3 *Id.* 129. *Slee* v. *Manhattan Co.* 1 *Paige's Rep.* 48. *Hughes* v. *Edwards*, 9 *Wheat. Rep.* 489. *Blake* v. *Foster*, 2 *Ball & Beat.* 402. *Dexter* v. *Arnold*, 1 *Sumner*, 109. *Ross* v. *Norvell*, 1 *Wash.* 17. 1 *Powell on Mortgages, by Coventry & Rand*, 370, 371, *note D. and cases there cited, pages* 379, 382, 385, 386. *Baron* v. *Martin*, 19 *Ves.* 327. 3 *Brown's Ch. Rep.* 243. *Howland* v. *Shuntleff*, 2 *Metcalf's Rep.* 26. 4 *Kent's Com.* 187, 3d ed.)   And this limitation was adopted and recognized by the courts of equity in cases analogous to the statute of limitations.   Judge Story, in the second volume of his Equity Jurisprudence, page 370, section 1028, says : " In respect to the time in which a mortgage is redeemable, it may be remarked that the ordinary limitation is twenty years from the time when the mortgagee has entered into possession after breach of the condition under his title, by analogy to the ordinary limitation of writs of entry, and actions of ejectment.   If therefore the mortgagee enters into possession in his character of mortgagee, and by virtue of his mortgage alone, he is for twenty years liable to account, and if payment be tendered to him he is liable to become a trustee of the mortgagor, and to be treated as such.   But if the mortgagor permits the mortgagee to hold the possession for twenty years without accounting, or without admitting that he possesses a mortgage title

Calkins *v.* Calkins.

only, the mortgagor loses his right of redemption, and the title of the mortgagee becomes as absolute in equity as it previously was in law. In such a case, the time begins to run against the mortgagor from the moment the mortgagee takes possession in his character as such. And if it has once began to run, and no subsequent admission is made by the mortgagee, it continues to run against all persons claiming under the mortgagor, whatever may be the disabilities to which they may be subjected." And were it not for the proceedings which were instituted to foreclose the mortgage in question, at the time the complainant filed his bill, there can be no doubt but the complainant has lost all right to redeem, by his laches in not filing his bill to redeem within twenty years after the assignee of the mortgage went into possession of the premises. It appears in evidence in the case, that after the defendant had possessed the mortgaged premises about twenty years, without any interruption, Mather Calkins, for the purpose of perfecting the title, with the advice and consent of the defendants, Isbell and Tucker, employed an attorney and commenced proceedings to foreclose the mortgage in question, by advertisement under the statute. This, it seems to me, is a most clear and positive act of these parties recognizing this as an open and subsisting mortgage, and must be regarded as an unqualified *admission* of the right of the complainant to redeem. And the courts, upon much more slight admissions than this, have allowed redemptions after the lapse of twenty years. For it is a general principle that no lapse of time will bar the right to redeem, so long as the mortgage has been treated, between the parties, as a subsisting mortgage and security only. (18 *Vesey*, 327, *also note, Sumner's ed. and cases cited.*) In the case of *Edsell* v. *Buchanan*, (2 *Vesey*, 83,) Lord Chancellor Loughborough says: " I think there are many instances in this court in which redemptions have been opened after twenty years, only upon this general case, if the mortgagee has treated it as redeemable during that period, if he has kept accounts upon it."

In the case of *Hansford* v. *Hardy*, (18 *Ves.* 455,) a redemption was allowed after the mortgagee had been in possession

over twenty years, upon a simple acknowledgment of the mort-gagee, in a transaction with other persons, that the mortgage was an open and subsisting mortgage. And in that case the redemption was allowed against the heir of the mortgagee, and a purchaser with notice. But without going into a discussion of the cases, it is sufficient to say that the following cases most clearly sustain the principle above laid down, and allow a re-demption in this case. (*Baron* v. *Martin*, 19 *Ves.* 327, *n. a.* 4 *Kent's Com.* 190, 5*th ed.* 187, 188. *Lake* v. *Thomas*, 3 *Ves.* 17. *Edsell* v. *Buchanan*, 2 *Id.* 83, *n. b.* *Perry* v. *Marston*, *Id.* 399. *Ross* v. *Norvell*, 1 *Wash.* 14. *Hodle* v. *Healey*, 6 *Mad.* 181. *Rayner* v. *Oastler*, *Id.* 274. *Shepherd* v. *Mur-dock*, 3 *Murph.* 228. *Hatch* v. *Hatch*, 9 *Ves.* 292.)

It is said, in many of the cases, that if the mortgagee has rendered an account of the amount due upon the mortgage, within twenty years, this does away with the presumption of the mortgagee's title, and allows a redemption to the mortga-gor ; or if the mortgagee has recognized the mortgage as an existing mortgage. Now it seems to me that the publication, in the newspaper, of the statement of the mortgage, and of the amount claimed to be due thereon, and the proceedings to fore-close it, must be regarded as a statement of the amount claimed to be due on account of the mortgage, and as a recognition of the mortgagor's right to redeem. I think it will not be denied that if the foreclosure had proceeded, and there had been a sale of the premises, and they had sold for a sum more than suffi-cient to satisfy the mortgage, the surplus would have belonged to the complainant. And I have no doubt of the complainant's right to redeem, and have an account of the rents and profits taken in this case, if our statute of limitations does not inter-vene to prevent. The 4th section of our statute of limitations of suits in equity, and which took effect on the first of January, 1830, is as follows : " Bills for relief, in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue, and not after." (2 *R. S.* 229, § 52, 2*d ed.*) This case falls within the latter clause

of this section.   If this statute is applicable, the right to file the bill accrued before the passage of the statute.   This is a very sweeping statute, and embraces, to say the least, all suits in equity where the cause of action has accrued since the passage of the statute.   In short, it extends over the whole field of equitable jurisdiction.   The compilers of Cowen & Hill's Notes to Phillipps' Evidence, part first, page 352, note 307, speaking of this statute, say that "neither promises, acknowledgments, nor the most solemn acts,·can keep the subject matter of the bill alive.   At any rate all the thousand acts, relations and contingences by which equities have heretofore been kept alive, are rescinded at a blow.   This is indeed cutting the Gordian knot. What those equities may be worth which are thus placed with the years beyond the flood, is no longer the inquiry.   Lord Camden said, that in all these questions which turn on the limitation of time, the right is never taken into consideration; for the statute was made to bar the right and not to give the remedy in dubious cases.   The rule *ut sit finis litium* operates against cases of right rather than in cases of wrong.   For the first time, with us, a quieting statute has passed extending over all the regions of equitable jurisprudence.   Heaven grant that the repose which it confers may not prove the calm of despotism."   The language of this statute is, that the bill "shall be filed within ten years after the cause thereof shall accrue, and not after."   The very language of the statute seems to confine it to causes that shall accrue after the passage of the statute. The expression " *within ten years after the cause shall accrue*," seems to confine the statute to future cases, to causes which shall accrue thereafter, and not to causes that have already accrued.   But again ; it is a familiar rule that no statute is to have a retrospect beyond the term of its commencement, and that a statute should never be so construed as to divest a right already acquired, if it be susceptible of any other construction. (*Dash* v. *Van Kleeck,* 7 *John.* 477.   *Sayre* v. *Wisner,* 8 *Wend.* 661.   *The People* v. *Supervisors of Columbia Co.* 10 *Id.* 363. *Fairbanks* v. *Wood,* 17 *Id.* 329.   *Millard* v. *Whitaker,* 5 *Hill,* 408.   *Johnson* v. *Burrell,* 2 *Id.* 238.   *Williamson* v.

*Field,* 2 *Sand. Ch. Rep.* 533. 1 *Kent's Com.* 455, 2d ed.)
The late Chancellor Kent, in the fourth volume of his com-
mentaries, pages 187 and 188, says that the statute of limita-
tions reduces the right of redemption from twenty years, as it
before stood, to ten years; but he does not intimate any opin-
ion as to the operation of the statute upon causes that accrued
before its passage. The learned Assistant Vice Chancellor
Sandford has given this statute a careful consideration, and in
a very able opinion shown that this statute does not apply to
rights that had accrued before its passage. I adopt the rea-
soning of Assistant Vice Chancellor Sandford, in that case, as
more convincing than any thing I can say. (2 *Sand. Ch. R.*
533, 568 *to* 572.) That was a bill to redeem, and decides the
very point raised in the case at bar; and it seems to me upon
very convincing reasons. I am aware that Assistant Vice Chan-
cellor Hoffman, in the case of *Lawrence* v. *The Trustees of
the Leake & Watts Orphan House,* decided in 1841, came to
a different conclusion as to the construction of this 52d section
of the statute. (*See his opinion in* 2 *Denio,* 582, 583.) But
it seems to me that the statute is not well considered by him,
and that his construction is a forced construction, and without
any sufficient reasons to support it. I therefore adopt the bet-
ter opinion of Vice Chancellor Sandford, and say that our stat-
ute of limitations does not apply where the right to file the bill
existed when this statute took effect. I do not think that the
court should give much consideration to the testimony intro-
duced by the defendants, to show that this land was taken pos-
session of by the assignee of the mortgage, under an agreement
with the mortgagor, that the land should be received in satis-
faction of the debt. The letter which the complainant wrote
to Thompson does not state any terms upon which he desired
Thompson to take the premises, and this letter was never an-
swered. And Thompson himself swears that he is not able to
say whether he was able to take the premises for the mortgage,
or whether he was to sell it to get his pay out of it, and he says
he cannot tell how the sale was to be made. He says, " I can-
not tell the conversation we had; it was so long ago." And when

we consider that this conversation was had twenty-seven years before the time of the taking of the testimony, it furnishes abundant reason why the witness is not able to recollect; and I think this evidence is of too unsatisfactory a character to give it the effect to divest this complainant of his right of redemption. But I do not see how this parol agreement, if satisfactorily proved, could have the effect which the defendants claim it should. It is a familiar principle of law, that a mortgage upon land is a mere security for the debt, and that the interest of the mortgagee is a mere chattel interest. (2 *Cowen's Rep.* 195. 19 *John. Rep.* 325. 11 *Id.* 534. 21 *Wend.* 467. 11 *Id.* 525. 26 *Id.* 554. *Waring* v. *Smith*, 2 *Barb. Ch. Rep.* 135.) In this last case the chancellor says: "Before the adoption of the revised statutes, it was settled by the courts of this state that the mortgagor was to be considered the real owner of the fee of the lands mortgaged, except for the mere purpose of protecting the mortgagee as the holder of a security thereon for the payment of his debt. And the revised statutes have restricted the legal right of the mortgagee still further, by depriving him of the power to bring a suit to recover the possession of the mortgaged premises before a foreclosure. The only right he now has in the land itself, is to take possession thereof with the assent of the mortgagor, after the debt has become forfeited and payable, and to retain such possession until the debt is paid. The mortgage, then, is here nothing but a chose in action, or a mere lien or security upon the mortgaged premises as an incident to the debt itself." In the present case, it is not pretended that the mortgagor has executed any release of his interest. And I do not see why the fee of the land has not continued in him; and Thompson, with whom it is alleged the complainant made the agreement to give up the land for the mortgage, must have so regarded it; for when he came to sell, he only sold and assigned the bond and mortgage and gave up the possession. He did not assume to convey as owner, but, on the contrary, treated the mortgage as an outstanding claim. Upon the whole, without going into a further discussion of the case, the complainant is entitled to the relief he asks. The

Calkins v. Calkins.

mortgage is declared an open and subsisting mortgage as regards all the parties to this suit, and the complainant must be permitted to redeem, and to have an account of the rents and profits taken. The principles upon which a redemption is to be allowed, where the mortgagee has gone into possession of the mortgaged premises without a foreclosure, are familiar. The mortgagee is to be charged with the rents and profits of the land, after the payment of taxes, and such ordinary repairs as may be necessary; but he cannot be charged with the increased rents and profits arising from the use of any permanent improvements made by himself. The courts do not generally allow annual rests to be made in settling the accounts, and annual rests are never permitted to be made in stating the account when the interest of the mortgage debt is in arrears at the time when the mortgagee takes possession. And while in equity the mortgagee is to be allowed for all repairs necessary for the preservation and protection of the property, he is not allowed for general improvements made without the consent of the mortgagor, when such improvements enhance the value of the estate; and especially when they are of such a nature as may embarrass the mortgagor's right or ability to redeem. In short, the mortgagee has not the right to make it more expensive for the mortgagor to redeem than may be required for the purpose of keeping the property in a proper state of repair, and for protecting the title of the property. (*Sandon* v. *Hooper*, 6 *Beav. Rep.* 246. *Moore* v. *Cable*, 1 *John. Ch. Rep.* 385. *Bell* v. *The Mayor of New-York*, 10 *Paige*, 50. 2 *Story's Eq. Jur.* 4th ed. 352, §§ 1016, 1016 *a*, 1016 *b*. *Davis* v. *May*, 19 *Ves.* 384.)

It is referred to Henry R. Mygatt, upon the pleadings and proofs in the original suit and on the bill of revivor and supplement, and such other proofs as the parties may produce, to take and state an account of the rents and profits of the mortgaged premises. All the depositions in the original suit, and the testimony taken on the bill of revivor and supplement, are allowed to be read upon the hearing before said referee. The said referee is to take and state an account of the amount due upon the bond and mortgage, to credit the complainant with all pay-

ments that have been made, and with the rents and profits of the said premises from the time that Thompson took possession in 1820, up to the time of the making of the said computation, and with the half of the carding machine when sold and taken away, and to credit the defendant with all taxes and necessary repairs that come within the principles above stated. All further questions are reserved until the coming in of the report of the said referee.

