# P. CUNNINGHAM v. T. H. HAWKINS.

LIMITATION OF LIEN OF MORTGAGE.—The right to enforce the lien of a mortgage
given to secure a debt is barred by the Statute of Limitations at the end of
four years from the time the right of action accrues on the debt.

POSSESSION OF MORTGAGEE DOES NOT EXTEND LIEN.—The entry of the mortgagee
into the possession of the mortgaged premises cannot, as between him and the
mortgagor, extend the time allowed by the statute for the enforcement of the
mortgage.

LIMITATION OF ACTION TO REDEEM MORTGAGE.—The right of the mortgagor to
maintain an action to redeem the property from the lien of the mortgage is
barred by the Statute of Limitations at the end of four years from the time the
right of action accrues on the debt.

STATUTE OF LIMITATIONS—MORTGAGOR—MORTGAGEE.—The right of the mortgagee
to maintain an action on the debt, and enforce the lien of a mortgage given
to secure it, and the right of the mortgagor to maintain an action for the redemp-
tion of the property from the lien of the mortgage, are reciprocal, and when one is
barred by the Statute of Limitations, the other is also.

ACTION TO REDEEM—REVIVAL OF WHEN BARRED.—When the right to maintain
an action for the redemption of the mortgaged property from the lien of the
mortgage is barred by the Statute of Limitations, it cannot be revived by an offer
of the mortgagor to pay the debt.

APPEAL from the District Court, Seventeenth Judicial Dis-
trict, Sierra County.

The facts are stated in the opinion of the Court.

*Williams & Johnson*, for Appellant.

If Hawkins took possession as mortgagee under Bartlett,
he could never, by lapse of time, acquire such title as would
defeat the plaintiff's right to recover in this action.    By
adverse possession he might; but there can be no adverse
possession whilst he holds as mortgagee.

If, from mutual confidence of the parties, no written defea-
sance is given, any attempt on the part of the grantee or mort-

gagee to defeat a redemption by the mortgagor, will be a fraud. (*Brown* v. *Dewey*, 1 Sandf. 56 ; Coke on Lit. 265.)

Hawkins is yet our mortgagee, and if there is any want of mutuality of interest between the parties that will not affect our side of the case, we may not now be liable *in personam ;* but that circumstance could not defeat our title. (1 Washb. on Real Property, 479–482, and cases cited.)

If the note and mortgage are discharged by the statute, from the day of discharge, unless notice of a contrary intention was given, the mortgagee would hold in trust for Bartlett, the mortgagor. (2 Bouv. 190, and cases there cited.)

We maintain that a mortgage, simply as such, could not defeat an action of this kind by even fifty years possession. In some of the States of the Union, where the mortgagee is held to have an interest in the realty mortgaged, a different rule undoubtedly would prevail. But in England, in New York, in this State, and some others, mortgages simply give a right of action, as well against the property mortgaged as the person, and are a security for the debt only.

The modern decisions in England and New York are uniform on the point that a mortgagee in possession is simply a trustee for the mortgagor; and having no right in himself, being a trustee only, any attempt by him to acquire a right, as against the mortgagor, should be held a fraud. (*Edwards* v. *Farmers' Fire Insurance and Loan Co.*, 21 Wend. 488–9.)

If this had been an action in ejectment, there can be no question but that the judgment of nonsuit would be error; for we would be saved by the ninth section of the Statute of Limitations, and it would devolve, as before seen, upon the defendant to prove adverse possession. We contend that the case at bar is governed by the same rule. (Tiffany & Bullard's Trusts and Trustees, page 718, and cases cited.)

We admit that the Statute of Limitations runs against a note on demand from its date in a case of this kind, and that the mortgage expires with the note. But it never was our duty in making out our case to show that we were yet liable

in any sum on the note and mortgage; that is defendant's part of the case, we agreeing, if anything is found due, to pay it.

That Hawkins entered as trustee for Bartlett, we cite 2 Johns. Ch. R. 33, and cases there cited. Also, *Slee* v. *Manhattan Co.* 1st Paige, 53.

Whether we have a right to claim that the mortgage is a lien on the claim can have nothing to do with the question: Did the Court err in granting the nonsuit? Had we brought ejectment, and not offered equity, it is not contended that, under the proofs, the nonsuit would have been proper.

*Lord* v. *Morris*, 18 Cal. 486, clearly establishes the doctrine: That after four years, any interest the mortgagee had by virtue of his mortgage is extinguished. If the mortgagee refuses to receive equity, that is no reason why it should be refused to the mortgagor.

*Vanclief & Haymond*, for Respondents.

The statutes of this State and the statutes of New York apply equally to equitable as well as to legal causes of action.

In *Lord* v. *Morris*, 18 Cal. 486, it is held that the Statute of Limitations of this State applies equally to actions at law and to suits in equity; that it is directed to the subject matter, and not to the form of action or the form in which it is prosecuted, and covers all cases where equitable relief may be sought.

In *McCarthy* v. *White*, 21 Cal. 496, and in *Grattan* v. *Wiggins*, 23 Cal. 16, the doctrine of *Lord* v. *Morris* on this point is affirmed, and these authorities are conclusive as to the applicability of the statute.

Our position is, that plaintiff's cause of action accrued on the 13th day of May, 1856, the day of the conveyance from Bartlett to Raskt & Co.

This suit is brought to enforce what? Clearly, the plaintiff's right to redeem; and that right was full, perfect, and complete on the day the mortgage debt became due, viz: May 13th, 1856, and not, as contended for by appellants, on the

1st day of September, 1861, the day on which the plaintiff tendered to defendants the redemption money.

Plaintiff could have maintained his action to redeem without alleging in his bill or proving on the trial a tender of the redemption money. This is decided in the case of *Daubenspeck et al* v. *Platt*, 22 Cal. 330.

In the case of *Grattan* v. *Wiggins et al.*, it is said: That the right to foreclose and the right to redeem are reciprocal and commensurable, and if one cannot be enforced, that is regarded as sufficient to preclude a claim for the other; thus, if the right to foreclose is barred by the lapse of time, the right to redeem is equally barred. We therefore hold that the right to redeem asserted by the plaintiff in this cause was barred by the Statute of Limitations.

In the case at bar, the debt secured by the mortgage was due upon demand, and was given on the day the conveyance from Bartlett to Raskt & Co. was made—May 13, 1856. The statute ran against it from the time it was given. (*Howland et al.* v. *Edmunds et al.*, 24 N. Y. 307 ; *Wenman* v. *N. Y. Ins. Co.* 13 Wendell, 267.)

By the Court, CURREY, J.

The complaint in this case is in equity, to redeem certain property in Sierra County from the lien of a mortgage executed on the 13th day of May, 1856, by one James H. Bartlett, to the firm of Raskt & Co., of which the defendant was a member, to secure the payment of a debt then due said firm from said Bartlett, and also for an account of the issues and profits of the premises received by the defendant during the time he had the possession of the premises, which was from the date of the mortgage.

The instrument denominated a mortgage purports to be a conveyance from Bartlett to Raskt & Co. of one fourth of certain mining ground described therein. Nothing appears upon the face of this instrument to indicate its character as a mortgage, except that the consideration expressed is a certain sum

of money, "with interest from date till paid."   But the plaintiff alleges in his complaint that it was intended and understood by the parties thereto as a mortgage to secure the payment of the sum mentioned in it as the consideration, with interest, and that the mortgagees entered into the possession of the property under the mortgage to hold the same in trust for the mortgagor.

It is alleged by the complaint that at the time of commencing the suit, and for some time before then, the defendant claimed to be the owner and holder of the mortgage and the debt thereby secured, and during all that time had possession of the premises by virtue of the mortgage; and that on the 1st day of August, 1861, Bartlett conveyed all his right, title, and interest in said property to the plaintiff, who afterward, in the same month, exhibited his deed of conveyance to the defendant, and offered, for the purpose of redeeming the property from the lien of the mortgage, to pay the amount due thereon—but that defendant refused to accept payment, and that the same offer had since then been often repeated, and had been met by a like refusal by the defendant.   That at the commencement of the action the defendant was in possession of and holding the premises adversely to the plaintiff, and was taking gold therefrom.   The complaint concludes with a prayer for an accounting and redemption of the premises and for general relief.

The defendant, by his answer, alleges that he had been in the possession of the premises ever since the date of said instrument, as the owner thereof, and that for more than five years he had been working and improving said mining ground, and had expended in such work and improvements, during that time, the sum of seven thousand dollars, and that he had never as yet received anything whatever of value from said premises.   The material allegations of the complaint, except the possession and adverse holding of the premises by the defendant, are denied by the answer.   And, as an affirmative defense, the defendant pleads that neither the plaintiff nor his grantor was seized or possessed of the premises within five years next

before the commencement of the action, and also that the plaintiff's alleged cause and causes of action did not accrue within four years next before the commencement of the suit; and he therefore averred that all the causes of action alleged in the complaint were barred by the statute limiting and defining the time of commencing civil actions.

There was evidence produced on the trial before the Court tending to prove the principal averments of the complaint.

When the plaintiff had closed his case, the defendant moved the Court to nonsuit the plaintiff and to order the action dismissed, on the ground that the complaint and proofs showed that plaintiff's right of action was barred by the nineteenth section of the statute before mentioned. The Court sustained the motion, dismissed the complaint, and gave judgment in defendant's favor for his costs. The plaintiff, by his appeal, seeks a reversal of this judgment.

The questions to be determined in this case arise upon the Statute of Limitations; and in their consideration we shall assume, without comment, that the instrument described in the complaint and denominated a mortgage, was intended as such by the parties thereto at the time of its execution. The counsel for the respective parties have so treated it in argument, and to have done otherwise would have been a departure from the record in the case.

The debt, to secure which the mortgage was executed and delivered, was due at the date of the mortgage, and a cause of action for its recovery, and for the foreclosure of the mortgage, accrued at that time to the mortgagees, and a corresponding right to pay the debt and redeem the property from the lien created upon it accrued at the same time to the mortgagor; and each of the parties to said instrument had the period of four years from its date in which to commence an action for the enforcement of the accrued right. The entry of the mortgagees into the possession of the premises could not, as between them and the mortgagor, invest them with any other or greater right than they would have had without such entry. The mortgage upon the land was a mere security for the debt due,

and the interest of the mortgagees was a mere chattel interest. (*Johnson* v. *Sherman*, 15 Cal. 293 ; *Calkins* v. *Calkins*, 3 Barb. 312.)

When this action was commenced, the mortgagees' cause of action was barred by the lapse of nearly seven years after the debt became due.   The fact that the debt was secured by mortgage could not affect the right of the debtor to avail himself of the Statute of Limitations as effectually as in a case where the debt might not be thus secured.   (*Lord* v. *Morris*, 18 Cal. 486 ; *McCarthy* v. *White*, 21 Cal. 495.)   Nor is it claimed on behalf of appellant that the statute is not a bar in the one case equally as in the other ; but it is suggested that the debtor could waive the protection of the statute, and that in the case under consideration the plaintiff, by a tender of payment to the defendant of the amount due upon the mortgage, gained the right to compel the defendant to account for the issues and profits derived by him from the property, and to deliver possession of the property to the plaintiff when the mortgage debt should be satisfied.

Upon first impressions it would seem but just to accord to a debtor, or one having assumed the debt of another, the privilege of discharging his obligation, notwithstanding the immunity afforded him by the Statute of Limitations ; and the instances of the refusal of a creditor to accept payment of a debt barred by the statute must be exceedingly rare, and perhaps experience scarcely furnishes an instance where a debtor offers to pay a demand against which the statute has run that the creditor has refused to receive the payment in absence of a motive of greater potency than the value of the amount tendered on the one hand and refused on the other.

It does not necessarily follow, that because a debt has remained unpaid until the Statute of Limitations has run its course, an action could not be maintained for its recovery. Whether it could or not, depends upon the election of the debtor, who may insist upon the immunity afforded him, by pleading it, or by proving it under a proper plea, where necessary.   But the debtor has the right to avail himself of this

52

defense, and the mortgage creditor must have, on the principle that remedies, as between mortgagor and mortgagee, are mutual, the reciprocal right of resisting a redemption when under circumstances he may deem it to his advantage to do so.

Mr. Hilliard, in his work on the Law of Mortgages, says: "In general, the respective rights of mortgagee and mortgagor, with regard to a foreclosure on the one hand, and a redemption on the other, are treated as mutual; that is, the existence of the former is held to involve that of the latter, and *vice versa;* and the fact that the one cannot legally be enforced under the circumstances, is regarded as sufficient to preclude the claim for the other." (2 Hilliard on Mort. 1.) In *Caufman* v. *Sayre,* 2 B. Mon. 206, the Court say: "The right to foreclose and the right to redeem are reciprocal and commensurable." And in *Koch* v. *Briggs,* 14 Cal. 262, the Court hold the same doctrine.

As already appears, the morgagor's right to redeem the premises from the lien of the mortgage existed immediately after that instrument was executed and delivered, and his right to an action to enforce a discharge of the incumbrance was complete at that time, and so continued for four years thereafter, after which it became barred by the nineteenth section of the Statute of Limitations. This section is much like the fourth section of the New York Statute of Limitations of suits in equity, which is as follows: " Bills for relief, in case of the existence of a trust not cognizable by the Courts of common law, and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue, and not after."

In speaking of this statute, Mr. Justice Mason, in *Calkins* v. *Calkins,* 3 Barb. 310, said: " This is a very sweeping statute, and embraces, to say the least, all suits in equity where the cause of action has accrued since the passage of the statute. In short, it extends over the whole field of equitable jurisdiction." And in reference to this statute, it is said by Cowen & Hill, in their Notes, (1 Cow. & Hill's Notes to Phillipps' Ev. 541, ed. 1850,) that the time of the complainant

can be enlarged by no considerations, except those specifically enumerated; "that neither promises, acknowledgments, nor the most solemn acts, can keep the subject matter of the bill alive."

From the case presented by the record, the defendant could not be regarded as in possession of the premises mortgaged adversely to the mortgagor, Bartlett, nor of his grantee, the plaintiff, before the time when the plaintiff exhibited his deed to the defendant and proposed paying the mortgage debt, because, as the complaint states, and as the mortgagor testified, the defendant entered into and held the possession in subordination to the title of the mortgagor. (*Zeller's Lessee v. Eckert*, 4 How. 296.) What may be the real truth of the case in this respect, or what may be the real nature of the tenure by which defendant has held the possession, we do not undertake to determine, except so far as may be necessary to decide the case upon the record before us.

We think the judgment of the Court below was correct, and should be affirmed.

Judgment affirmed.