E. R. CARPENTIER, Administrator of CATHERINE HAYS BUSHNELL, Deceased, Appellant, v. C. I. BRENHAM et al., Respondents.

## No. 3272; December 8, 1873.

**Mortgage—Redemption by Junior Mortgagee—Complaint.—**In a suit brought by a junior mortgagee for the purpose of being allowed to redeem from a sale made in foreclosure of the senior mortgage, the complaint should not be dismissed merely because not strictly in form to reach the end aimed at, provided it is susceptible of being put into proper form by amendment.

**Mortgage—Junior and Senior Mortgages.**—If a mortgage is made upon land on which an earlier mortgage is already due, and subsequently the junior mortgagee would enforce his lien, the land having been sold meantime in foreclosure of the senior mortgage, the latter will be kept alive and deemed to be still in force, with the same effect as though the mortgagor still held the legal title.

**Mortgage—Redemption by Junior Mortgagee—Time.**—If the mortgagee, under a mortgage made after another mortgage on the same land has become due, would redeem from a sale in foreclosure of the senior mortgagee, he must exercise the right to do so within the same period the mortgagor might have exercised it, since his right can be no greater in respect of time than that which the mortgagor himself possessed.

APPEAL from Twelfth Judicial District, San Francisco County.

Wm. H. Patterson, J. T. Boyd and Clark & Carpentier for appellant; Glascock Dwinelle, D. P. Barstow, Blatchley & Brewer, J. B. Harmon, H. P. Irvine, J. S. Bugbee and Williams & Thornton for respondents.

See Carpentier v. Brenham, 50 Cal. 549.

CROCKETT, J.—On the former appeal in this case (Carpentier v. Brenham, 40 Cal. 221) it was decided that notwithstanding the foreclosure of the mortgage to Moss and the sale under it, a court of equity will deem it to be still subsisting and unsatisfied, so far as may be necessary for the protection of the purchasers at the foreclosure sale, as against the junior mortgage to Catherine Hays; and that the only remedy of the junior mortgagee is a bill to redeem from the prior mortgage. This ruling has become the law of the case, and its correctness or incorrectness is not open to review on this appeal. Correctly assuming these propositions to have been settled, the defendants contend that the complaint has none of the characteristics of a bill to redeem, and was, therefore, properly dismissed. But we do not regard it in so narrow a light. Whilst not strictly and in a technical sense a bill to redeem, it is nevertheless capable of the necessary amendment, without materially changing the nature and scope of the action, and the plaintiff would be permitted to amend, if the ends of justice require it. We shall, therefore, for the purposes of this ap-

peal, treat the complaint as sufficient to authorize a decree for redemption, if the facts will justify it.

On the former appeal the questions arising on the statute of limitations were not before us, but as the facts are now presented, the plaintiff contends that the mortgage to Moss and the rights which the defendants claim under it are barred by the statute, and consequently that he is under no obligation to redeem from a defunct mortgage. On the other hand, the defendants insist that when the debt to Moss became due, the statute commenced to run against the right of Hays to redeem, and had fully run before the commencement of the action.

All that the junior mortgagee acquired by her mortgage was a lien on the land, subject to the lien of the prior mortgage, which had then become due. The statute had already commenced to run against the right of the mortgagor to redeem from the prior mortgage, or, to use a more accurate phrase, against his right to pay off the mortgage debt and demand a release of the mortgage. When Moss obtained the sheriff's deed under his foreclosure sale he acquired the legal title as fully for all purposes as though it had been conveyed to him directly by Brenham, the mortgagor, after the execution of the junior mortgage. He took it, however, subject to the then existing lien of the junior mortgage. But, as we decided on the former appeal, he will be treated in a court of equity, and as against the junior mortgagee, as sustaining a twofold relation toward the property: first, as the holder of the legal title, good as against all the world, except the junior mortgagee; and, second, as the holder of the prior mortgage, which, as against the junior mortgage, a court of equity will keep alive and deem to be unsatisfied, notwithstanding the foreclosure and sale under it. The rule is founded on the plainest principles of justice and equity, and is abundantly supported by the authorities. If it were otherwise, the holder of the prior mortgage, by the mere act of taking from the mortgagor a conveyance of the legal title, would extinguish his mortgage and give priority to the junior mortgage. To avoid this injustice, courts of equity have established the rule that, when the junior mortgagee, under such circumstances, seeks to enforce his lien, the prior mortgage will be kept alive, and will be deemed to be still in force, with

the same effect as though the mortgagor still held the legal
title.

What, then, were the relations which Moss and Hays sus-
tained toward each other in a court of equity on the fourth
day of September, 1857, when Moss obtained the sheriff's deed
under the foreclosure sale? The rights of neither were preju-
diced by the foreclosure and sale. Hays had precisely the
same but no other rights than if there had been no satisfac-
tion or foreclosure of the prior mortgage; and Moss was in
the same condition, except that he had acquired the legal title.
As between them equity will treat the foreclosure and sale
as nonexistent, except in so far as it recognizes the fact that
Moss has acquired the legal title of the mortgagor. Within
what period, then, was it incumbent on Hays to commence
proceedings, in order to avoid the bar of the statute of limita-
tions? Did the statute commence to run against her from
the time when the debt to Moss became due, or only from the
time when her own debt became due? As between Hays,
the junior mortgagee, and Brenham, the mortgagor, it is clear
the statute would not begin to run until the maturity of the
mortgage debt. But that is not the question here. The point
with which we have to deal is the time at which the statute
commences to run in favor of a prior mortgage against a
junior mortgagee seeking to redeem, or in other words, to
have the mortgaged premises sold and the proceeds applied
toward the satisfaction of the mortgages according to their
priority.

That Brenham, the mortgagor, could have maintained an
action to redeem from the Moss mortgage immediately on its
maturity, and that he was bound to sue within four years
thereafter, on pain of being barred of his right to maintain
the action, is perfectly clear. In such cases the right of the
mortgagee to foreclose and of the mortgagor to redeem are
correlative, and must be prosecuted within the same time:
Cunningham v. Hawkins, 24 Cal. 403, 85 Am. Dec. 73; Ar-
rington v. Liscom, 34 Cal. 365, 94 Am. Dec. 722; Espinosa v.
Gregory, 40 Cal. 58. Nor have I any doubt that a junior
mortgagee stands upon the same footing. His right to redeem
rests upon the ground that he has an interest in the fund
which is held as a security for both mortgages; and for the
protection of that interest he is entitled either to pay off

the first mortgage and be subrogated to the rights of the mortgagee, or to insist upon a sale of the mortgaged premises and the application of the proceeds toward the satisfaction of the mortgages in the order of their priority. But this right must be exercised, if at all, within the same period within which the mortgagor might have exercised it. The right of the junior mortgagee to redeem can be no greater in point of time than the mortgagor himself possessed. If Brenham, after the mortgage to Moss became due, had conveyed the fee by absolute deed to Hays in satisfaction of her demand, it is clear beyond controversy that she could not have redeemed from the Moss mortgage, except within four years from its maturity, even though but a single day had remained for the redemption after she received her deed; and if the time for redemption had then fully expired, she could not have redeemed at all. She would have succeeded to Brenham's rights precisely as he held them, and not otherwise. If such would have been her status under an absolute conveyance of the fee, it is not easy to perceive how she could have acquired greater rights by the taking of a junior mortgage which, at most, was only a lien on such title as the mortgagor then had. If Brenham could not have extended the time for redemption by an absolute conveyance of his entire interest in the land, I know of no principle of law or equity by which he could have accomplished that result by the conveyance of a lesser interest or the creation of a mere lien upon such title as he had. But on the opposite theory, whilst it is conceded that the mortgagor cannot himself maintain an action to redeem, except within four years from the maturity of the mortgage debt, it is nevertheless claimed that he may extend the time for redemption indefinitely by the making of successive mortgages to mature at remote periods. It has been suggested as an answer to the apparent hardship which this would impose upon the prior mortgagee, that he may at any time cut off the right to redeem by a foreclosure of his mortgage, bringing in all the subsequent encumbrancers. But possibly he may be in possession under a conveyance of the legal title, and may have no motive to foreclose his mortgage; or he may not consider the property worth the cost of a foreclosure suit, and for many other reasons might not deem it to his interest to foreclose. I think he may stand upon

his rights as they were when his mortgage debt matured; and that, inasmuch as the mortgagor could not himself maintain an action to redeem, except within four years from that time, he cannot extend the time for redemption by the making of one or more subsequent mortgages to mature at a later period. The present action was, therefore, commenced too late, and is barred by the statute of limitations.

This view of the case renders it unnecessary to notice the other points made by counsel.

Judgment affirmed.

We concur: Rhodes, J.; Belcher, J.; Niles, J.

Wallace, C. J., having been of counsel in the court below, did not sit in this case.