[No. 8,036.—In Bank.]
June 30; 1882.

AMBROSE TAYLOR ET AL. v. THOMAS McCLAIN.

STATUTE OF LIMITATIONS—MORTGAGE REDEMPTION—FORECLOSURE.—Where
a deed absolute in form is executed as a mortgage to secure a debt, the
right to redeem and the right to foreclose are reciprocal, and when one is
barred by the Statute of Limitations, the other is equally barred.

APPEAL from a judgment for the plaintiff in the Superior
Court of Los Angeles County. HOWARD, J.

The Court below found "that plaintiff's action herein is
not barred by either Sections 337, 338, or 378, C. C. P.;" but
also specifically found the date of the conveyance, and the
date on which the indebtedness secured thereby became due;
from it it appeared that prior to the commencement of the suit
the time prescribed by the sections referred to had elapsed.

*Smith & Brown*, and *A. W. Hutton*, and *Bicknell & White*,
for Appellant.

This action was instituted January 27, 1880, more than
five years after the maturity of McClain's demand. Appel-
lant's cause of action on this claim was certainly barred when
the complaint was filed; McClain therefore could not, when
this action was instituted, have sued the Taylors on this de-
mand, nor can they now sue him. A deed absolute on its
face, but intended as a mortgage, conveys the legal title.
(*Hughes* v. *Davis*, 40 Cal. 117; *Espinosa* v. *Gregory*, id 58;
*Davenport* v. *Turpin*, 43 id. 604; *Pico* v. *Gallardo*, 52 id.
206.) In such cases the rights of mortgagor and mortgagee
are reciprocal, and when the debt is barred the right to re-
deem is also barred. (*Grattan* v. *Wiggins*, 23 Cal. 16; *Cun-
ningham* v. *Hawkins*, 24 id. 403; *Arrington* v. *Liscom*, 34
id. 365; *Espinoza* v. *Gregory, supra*.) Where a general find-
ing and one which is special conflict, the latter will control.
(*Hidden* v. *Jordan*, 28 Cal. 301.)

*Barclay & Wilson* and *Brunson & Wells*, for Respondents.

As to defendant's second point, the plaintiff's cause of ac-
tion is barred by the Statute of Limitations, Section 2903,

C. C., provides that "Every person having an interest in property subject to a lien, has a right to redeem it from the lien at any time after the claim is due, and before his right of redemption is foreclosed. Again, the facts constituting plaintiff's cause of action were not discovered until the latter part of 1879, and within a few weeks of the commencement of this action. And plaintiffs are within the provisions 'of Section 338, C. C. P., subdivision iv.

Ross, J.:

We are of opinion that the judgment of the Court below is erroneous. The record shows that the instrument in question, though in form a deed absolute, was nevertheless executed to the defendant McClain as security for certain indebtedness of the plaintiffs assumed by him. It was therefore in legal effect a mortgage. The defendant paid the amount, and thereupon plaintiffs became indebted to him in the amount so paid. This indebtedness, for the security of which the instrument in question was given, arose and became due more than four years before the commencement of the action. When it became due, plaintiffs and defendant enjoyed reciprocal rights— plaintiffs the right to redeem the property given as security, and the defendant the right to demand the debt. (*Gratton* v. *Wiggins*, 23 Cal. 16; *Cunningham* v. *Hawkins*, 24 id. 403; and other cases in this Court.)

More than four years having elapsed from the maturity of the debt, defendant's cause of action therefore became subject to a plea of the Statute of Limitations, as did also the plaintiffs' right to redeem.

Viewed in the most favorable light for the plaintiffs, the action is one to redeem, to which the defendant pleaded, among other defenses, the Statute of Limitations. This defense must be sustained, regardless of other points made.

Judgment and order reversed and cause remanded for a new trial.

McKinstry, McKee, and Sharpstein, JJ., concurred.