[No. 7,692. In Bank.—January 12, 1885.]

## JAMES M. HENDERSON, RESPONDENT, *v.* WILLIAM GRAMMAR, APPELLANT.

SWAMP LAND—CERTIFICATE OF PURCHASE—MORTGAGE—SUBSEQUENT INCUMBRANCER—FORECLOSURE.—Where the owner of a certificate of purchase of swamp lands mortgages the same, a purchaser at a foreclosure sale under such mortgage acquires all the rights of the mortgagor under his contract with the State; and the lien of a subsequent incumbrancer under an unrecorded mortgage is extinguished by a foreclosure of the senior mortgage, although such junior mortgagee was not made a party to the foreclosure suit.

ID.—UNRECORDED ASSIGNMENT—STATE TITLE—ACTION TO COMPEL CONVEYANCE.—If such subsequent incumbrancer, after an unrecorded assignment to him of the certificate of purchase, procure the state title, it is his duty to convey the same to the purchaser at the sale under the senior mortgage. And in an action by the latter to compel such conveyance, the judgment should not be conditioned upon a refusal of the defendant to pay to the plaintiff the amount of his lien.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The action was brought to quiet the title to, and compel a conveyance of, the premises in controversy. The further facts are sufficiently stated in the opinion of the court.

*J. H. McKune,* and *L. S. Taylor,* for Appellant.

*Byers & Elliot,* for Respondent.

McKINSTRY, J.—William and Jacob Morse paid one-fifth of the purchase price of certain swamp lands, receiving three certificates of purchase from the proper officer, and then conveyed the lands to Nathaniel McTucker. The latter mortgaged them to Jacob Morse (by whom such mortgage and the note it was given to secure were transferred to plaintiff), and subsequently mortgaged the same lands to John McTucker. Nathaniel McTucker assigned and delivered two of the certificates of purchase to John ; and after the latter's death, assigned and delivered the third certificate to his widow, now Mary Grammar, defendant. Afterwards plaintiff commenced an action to foreclose his mortgage, but failed to make the heirs or representatives of John McTucker parties, although the mortgage to John McTucker had previously been recorded. The assignments of the certificates of purchase had not been recorded, and the court found plaintiff had no notice of them when he commenced his action to foreclose his mortgage. In that action a decree in the usual form was entered May 18th, 1871.

On the 13th of September, 1871, defendants herein, alleged heirs of John McTucker, paid to the State the balance of the purchase money, surrendered the certificates of purchase, and received patents for the lands. Under the foreclosure decree the sheriff sold all the right, title, and interest of Nathaniel McTucker to the plaintiff herein, and no redemption having been had, executed to said purchaser a deed of the lands, bearing date October 1, 1872.

On the former appeal, the Supreme Court said : " Nathaniel McTucker having been the actual holder of the certificate No. 744, at the time of the foreclosure of plaintiff's mortgage, and

the assignments of the other certificates from Nathaniel to John McTucker not having been recorded, the foreclosure of plaintiff's mortgage and the sale thereunder had, under the statute, the same effect upon the title as though the heirs of John McTucker had been parties to the foreclosure proceedings. In this view the only relief which the defendants can have in this action, if any, must proceed upon their rights as junior mortgagees, or for expenditures in perfecting the title; and in the present condition of the answer, such relief cannot be had." (53 Cal. 652.)

The record now here discloses the same facts with reference to the certificates and their non-registration, as were before the court on the former appeal.

After the cause went back to the trial court, the defendants amended their answers, and upon the new allegations and proofs in support of them, appellants now claim the court should, by its decree, have provided for its redemption by them, as junior mortgagees.

The answers were demurred to by plaintiff, on the ground that the facts therein stated did not constitute a defense.

There is no averment in the answers that the estate of John McTucker has ever been settled or distributed; there is no averment that the defendants, or any of them, are the owners or holders of the notes of Nathaniel McTucker, to secure which the mortgage to John McTucker was made; there is no averment that John McTucker, by his last will and testament, bequeathed the said notes, or the claim by them represented, to defendants, or any of them, nor is there any averment that John McTucker died intestate. The answers do not show that defendants had succeeded to any interest in the notes or mortgage, or that they had the right to redeem the land from the prior mortgage.

It is contended however, by appellants, that, upon equitable principles, the decree should not have commanded a conveyance of the *legal title* acquired from the State (on payment of the amount by them advanced), but should have provided for such conveyance only in case the defendants did not—within a reasonable time fixed therein—pay to plaintiff the amount of his lien. But in the eye of a court of equity, plaintiff is the real

owner of the state title. The rights of the mortgagor under the contract with the State passed to plaintiff by his purchase at the foreclosure sale and the sheriff's deed in pursuance thereof. By his purchase and deed, he became vested with the title of the mortgagor, as against all the world except the successors in interest of John McTucker, and as against them, he became vested with the title of the mortgagor, subject to the lien of his own and the John McTucker mortgage. (*Carpenter* v. *Brenham*, 40 Cal. 221.) As we have seen, defendants failed to allege they had succeeded to the rights of John McTucker as mortgagee.

It cannot be said the mere assignments of the certificates of purchase created liens on the estate of Daniel McTucker; but if they did, such liens were foreclosed by the decree in the mortgage suit, because the assignments were not recorded. (C. C. P., 726.) Plaintiff became the owner of the title of which such certificates were evidence, and from the time he so became the owner, it was the manifest duty of defendants to assign the certificates to him. And so, when they acquired the state title, by and through the certificates, it was their duty to convey it to plaintiff. The court required, as a condition to such conveyance, that plaintiff should pay to them the 80 per cent. of the price paid to the State, which they have advanced, expenses, etc., because, if the certificates had been in his possession, he would have been obliged to pay the 80 per cent. to secure the state title. But it was not the duty of the court to permit the defendants to redeem plaintiff's mortgages, since they had not shown that they had the right of redemption.

In this view, it is unnecessary to inquire whether the statute of limitations had run against a bill to redeem by the owner of the second mortgage.

Judgment affirmed.

THORNTON, J., SHARPSTEIN, J., MORRISON, C. J., and ROSS, J., concurred.

McKEE, J., concurring.—When the heirs of John McTucker filed their cross-complaint to redeem from the sale under the senior mortgage, by which the title of the mortgagor to the mortgaged premises passed to the plaintiff, they had no right

of redemption, because the time of the statute of limitations had run upon all the promissory notes whose payment had been secured by the junior mortgage to John McTucker; and as the rights arising out of said notes and mortgage were not kept alive by any action brought by the mortgagee in his lifetime, or his personal representatives, or heirs, after his death, the causes of action upon the notes and mortgage were barred, the mortgage lien was extinguished (§ 2911, C. C.; *Wells v. Harter*, 56 Cal. 343; *Jeffers v. Cook*, 58 Cal. 147), and the right to foreclose and the right to redeem were also barred. (*Morris v. Goodman*, 18 Cal. 482; *Coster v. Brown*, 23 Cal. 143; *McCarthy v. White*, 21 Cal. 495; *Espinosa v. Gregory*, 40 Cal. 58; *Taylor v. McLaine*, 60 Cal. 651; *Arrington v. Liscom*, 34 Cal. 365; *Cunningham v. Hawkins*, 24 Cal. 403; *Siter v. Jewett*, 33 id. 92; *Grattan v. Wiggins*, 23 Cal. 16.) Therefore I concur in the judgment.