[No. 14065. Department Two. — October 1, 1891.]

## ANDREW JACKSON, RESPONDENT, v. H. R. HYDE, APPELLANT.

TRUST — CONVEYANCE BY HOLDER OF CERTIFICATE OF PURCHASE — PATENT TO SUBSEQUENT ASSIGNEE OF CERTIFICATE — NOTICE. — A conveyance of land by a grantor holding a certificate of purchase from the state vests the title to the land in the grantee, of which the certificate is merely evidence, and entitles the grantee to an assignment of the certificate; and a subsequent assignee of the certificate of purchase who had notice of the previous conveyance of the land by his assignor, and who acquires a patent to the land by and through the certificate of purchase, holds the legal title thereto in trust for the grantee of his assignor.

ID. — ACTION TO ENFORCE TRUST — JUDGMENT — EXPENSE OF PROCURING PATENT. — In an action to enforce such trust, the judgment in favor of the grantee should properly charge him with the payment to the subsequent assignee of the grantor of the amount expended by the latter in procuring the patent.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Meux & Edwards*, for Appellant.

*George A. Nourse*, for Respondent.

McFARLAND, J. — The purpose of this action is to have it decreed that plaintiff is the equitable owner of a certain described eighty-acre tract of land; that defendant holds the legal title thereto in trust for plaintiff; and that defendant convey the same to plaintiff. Judgment was rendered for plaintiff, and defendant appeals.

The material facts in the case are these: On September 2, 1867, one Gabriel Moore purchased said tract of land from the state, paying twenty per cent of the pur-

chase-money and one year's interest, and received a certificate of purchase therefor. He occupied and held possession of the land under said certificate from its date until his death, which occurred in May, 1880, having paid most of the accruing interest. He died intestate, and his only heirs were his widow, Mary Moore, and his son, Ephraim Moore, who were appointed administratrix and administrator, and occupied said land until they conveyed it as hereinafter stated. By a final distribution of the estate of said Gabriel Moore, made May 21, 1881, said land was distributed to said Mary and Ephraim. On September 12, 1885, said Mary conveyed said land to said Ephraim by a deed duly executed and recorded on the same day. On July 20, 1887, said Ephraim, by deed recorded that day, conveyed said land to John H. Byrd, and on July 26, 1887, said Byrd, by deed recorded that day, conveyed said land to plaintiff herein. These conveyances were made for valuable considerations, and plaintiff and his grantors have been continuously in undisturbed possession of said land.

The said certificate of purchase seems to have remained in the possession of said Mary and Ephraim, and afterwards, — the said Mary on May 2, 1889, and the said Ephraim on May 7, 1889, — by written instruments attached to said certificate, they assigned the same, for the expressed consideration of one dollar, to the defendant, Hyde, and delivered to him the certificate. Thereupon the said defendant presented said certificate to the register of the state land-office, together with said assignments and proof of the said distribution to said Mary and Ephraim, and upon payment of the balance due the state thereon, procured a patent for said land to be issued to himself. The register was ignorant of said conveyances of said land as aforesaid, but the defendant had full knowledge thereof.

We think that the judgment of the court below was clearly right. The case cannot be distinguished, on the point involved, from *Henderson* v. *Grammar*, 66 Cal. 332. The only difference is, that in the Henderson case the

purchaser of the lands from the state had mortgaged them, and plaintiff there claimed under a sheriff's deed obtained upon foreclosure and sale, the defendants there having obtained the certificates and procured a patent; while in the case at bar, the plaintiff holds through a direct conveyance from the original purchaser from the state. The court there held — which is the law — that in such a case a conveyance of *the land* carries the title, of which the certificate is merely evidence. McKinstry, J., delivering the opinion of the court, says: "Plaintiff became the owner of the title, of which such certificates were evidence; and from the time he so became the owner it was the manifest duty of defendants to assign the certificates to him. And so when they acquired the state title, by and through the certificates, it was their duty to convey it to plaintiff." We do not deem it necessary to notice at length the quite able arguments of counsel for appellant, or the many authorities cited. The cases to which they call our attention are not applicable to the case at bar. The law which governs this case is as above stated.

The judgment provides for the payment by respondent to appellant of the amount expended by the latter in procuring the patent, which is proper.

The judgment is affirmed.

DE HAVEN, J., and BEATTY, C. J., concurred.