---

(91 App. Div. 563.)

## In re ANDERSON.

(Supreme Court, Appellate Division, Second Department. March 11, 1904.)

1. MUNICIPAL CORPORATIONS—CHANGE IN GRADE OF STREET—LIABILITY FOR DAMAGES—STATUTE—RETROACTIVE OPERATION.

Laws 1903, p. 1396, c. 610, provides that "in any town in which a highway has been or hereafter shall be repaired, graded and macadamized from curb to curb, by the authorities," in accordance with Laws 1892, p. 1761, c. 686, § 69, the owner of adjoining lands shall be entitled to recover damages "resulting from any change of grade," and that a person claiming damages "from such change of grade" must present a verified claim, etc. *Held,* construing the statute strictly, that it has no retroactive operation, and hence does not create a liability for damages from a change of grade two years before its enactment, incident to the transformation of a country highway, which followed the natural contour of the land, into a city street.

Appeal from Special Term, Westchester County.

Proceedings by Kirstine M. Anderson for the assessment of damages to her property resulting from a change of grade of a street in the town of Eastchester. From an order appointing commissioners, the town of Eastchester and Henry C. Merritt, as supervisor thereof, appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Isaac N. Mills, for appellants.
Alfred E. Smith, for respondent.

HOOKER, J. Prior to the 1st day of October, 1898, Jefferson Place, in the town of Eastchester, Westchester county, was a private way. On that day an order was made by the highway commissioner laying Jefferson Place out as a public highway, pursuant to offer and acceptance of that way. On the 5th day of March, 1901, a "plan and profile of road in the town of Eastchester, N. Y., known as 'Jefferson

F'lace,' " was approved by the town board, under which it was admitted the work on this highway was done. During that month Jefferson Place was, pursuant to the direction of the town board, and under these plans, repaired, graded, and macadamized from gutter to gutter, and curbing put in. The petitioner is the owner of premises abutting Jefferson Place, and the grade of the highway in front of her premises has been materially raised, to her serious disadvantage. She presented her petition to the Special Term, and asked for the appointment of commissioners to assess damages to this property caused by the change of grade. This petition was based upon the provisions of chapter 610, p. 1396, of the Laws of 1903, which adds section 11a to the highway law (chapter 19, p. 1300, Gen. Laws). The respondent, the town of Eastchester, by its supervisor, answered, and proof bearing upon the issues thereby raised was taken at Special Term. A decision was made by the learned justice holding that term, which had been duly excepted to by the town and the supervisor, and an order was entered appointing commissioners. From that order, appeal comes to this court.

We think that a reversal of the order must be directed on the ground that the statute in question is not intended by its terms to be retroactive, and should not be construed to permit a recovery of damages in the case presented by the petitioner, where she seeks to be recompensed for her injuries for changes made in the grade of the highway prior to the enactment of the statute. Section 11a, so far as material, reads as follows:

"Damages for Change of Grade. In any town in which a highway has been or hereafter shall be repaired, graded and macadamized from curb to curb by the authorities of the town in accordance with the provisions of section sixty-nine of chapter six hundred and eighty-six of the Laws of Eighteen Hundred and Ninety-Two, the owner or owners of the land adjacent to the said highway shall be entitled to recover from the town the damage resulting from any change of grade."

If the reading of this statute, beyond doubt, indicates an intention on the part of the Legislature to permit recoveries for damages occasioned by change of grade made prior to its enactment, as far as this question is concerned, the order should be affirmed; otherwise not. For "if a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed. A statute, even when it is remedial, must be followed with strictness, where it gives a remedy against a party who would not otherwise be liable." Sutherland's Statutory Construction, § 371; Town of Hempstead v. City of New York, 52 App. Div. 182, 188, 65 N. Y. Supp. 14. That rule applies to the matter in hand, for it was early established in this state that damages resulting from a change of grade imposed no liability on the part of a town or municipality making the change, except in the presence of statutory provisions. The law became settled in this respect at the time of the decision of Radcliff's Executors v. Mayor, etc., of Brooklyn, 4 N. Y. 195, 53 Am. Dec. 357; and although the rule there established has been the subject of much criticism elsewhere, and even in the Court of Appeals itself, it has survived all attack, and has recently been said by our court of last resort to state

the settled law upon that subject, so that question is no longer open for debate. Fries v. New York & Harlem R. Co., 169 N. Y. 270, 62 N. E. 358; Talbot v. N. Y. & Harlem R. Co., 151 N. Y. 155, 45 N. E. 382. Prior to the enactment, then, of the amendment of 1903 to the highway law, no liability existed against the town of Eastchester to the petitioner for such damages as those alleged in the petition; and that statute, purporting to create a liability where otherwise none would exist, must receive a strict construction.

It is also a familiar principle that, if reasonably possible, the statute should not receive a construction which will give it retroactive effect. People v. Supervisors of Columbia Co., 43 N. Y. 130; N. Y. & Oswego M. R. Co. v. Van Horn, 57 N. Y. 473; People ex rel. Newcomb v. McCall, 94 N. Y. 587; Germania Savings Bank v. Suspension Bridge, 159 N. Y. 362, 54 N. E. 33; Sayre v. Wisner, 8 Wend. 662; Calkins v. Calkins, 3 Barb. 305; Palmer v. Conly, 4 Denio, 376. In N. Y. & Oswego M. R. Co. v. Van Horn, supra, Commissioner Earl, speaking for the Commission of Appeals upon this subject, takes occasion to collate the authorities, and suggests the rule in this manner (page 477):

"It is always to be presumed that a law was intended, as is its legitimate office, to furnish a rule of future action to be applied to cases arising subsequent to its enactment. A law is never to have retroactive effect, unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only. Dash v. Van Kleeck, 7 Johns. 499 [5 Am. Dec. 291]; Berley v. Rampacher, 5 Duer, 183; Sayre v. Wisner, 8 Wend. 662; Palmer v. Conly, 4 Denio, 376; Calkins v. Calkins, 3 Barb. 305; Jackson v. Van Zandt, 12 Johns. 169; People v. Supervisors of Columbia Co., 10 Wend. 363; Hackley v. Sprague, Id. 114. In Dash v. Van Kleeck, Kent, C. J., says that 'we are to presume, out of respect to the lawgiver, that the statute was not meant to operate retrospectively,' and that a 'statute ought never to receive such a construction if it be susceptible of any other.' In Jackson v. Van Zandt, Thompson, C. J., says: 'It is a first principle in legislation that all laws are to operate prospectively.' In Sayre v. Wisner, Savage, C. J., says: 'A statute never ought to have such a construction as to divest a right previously acquired, if it be susceptible of any other giving it a reasonable object and full operation without such construction.' The same learned judge says in Hackley v. Sprague: 'All statutes are to be construed prospectively, and not retrospectively, unless they are otherwise incapable of a reasonable construction;' and in People v. Supervisors of Columbia County, that 'statutes are not to be construed retrospectively, unless they cannot have the intended operation by any other than a retrospective construction.' In Palmer v. Conly, Jewett, J., says: 'It is a doctrine founded upon general principles of the law that no statute shall be construed to have a retrospective operation without express words to that effect, either by an enumeration of the cases in which the act is to have such retrospective operation, or by words which can have no meaning unless such a construction is adopted.'"

It is also said that:

"A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only." N. Y. & Oswego M. R. Co. v. Van Horn, supra; Germania Savings Bank v. Suspension Bridge, supra.

Approaching a consideration of the amendment to the highway law with this rule of construction in mind, it seems to be clear that the

section must not be endowed with retroactive effect; and this interpretation is fatal to the order appealed from, for the reason that the change of grade in front of petitioner's premises was accomplished upward of two years before the amendment took effect. Read in the light of the foregoing cases, the Legislature intended to provide a remedy only in those cases of a change of grade upon a highway where prior to such change the highway had already and theretofore been "repaired, graded and macadamized from curb to curb by the authorities of the town," etc. All the language of this sentence can be satisfied by giving it prospective operation only, and no violence is done to the meaning of any word or phrase therein. Had the intent of the framers of the statute been to cause it to be retroactive, the insertion of the word "such," as modifying "change of grade," in the final phrase of the sentence, would easily have accomplished the purpose. The section would then have referred to any highway which had been theretofore or which thereafter should be repaired, graded, and macadamized from curb to curb by the authorities of the town, and would have given the owners of adjacent lands a right to recover against the town for damages resulting from any such change of grade, or from any change of grade such as had been described in the first words of the section. The force of the reasoning which leads to the conclusion, under the rules of construction we have cited, that the statute should be given prospective effect only, is accentuated by the omission of the word "such" as descriptive of the words "change of grade"; and especially so in view of the fact that in the following sentence that word is employed. That sentence reads, "A person claiming damages from such change of grade must present to the town board of such town a verified claim," etc. This language gives force to the contention that it was the intent that damages should only be awarded for a change in the highway ensuing upon such reconstruction of the highway as is mentioned in the opening sentence of the section. The language by no means clearly indicates retrospective operation; an admission of this, a mere reading of the language will entail; and because such operation will not be given unless its express letter, clearly manifested, so requires, its efficacy must be limited to those changes accomplished after its passage.

This construction we believe to be correct under the authorities we have cited, and fairly to follow without basing it upon the more rigid rule laid down by Mr. Broom in his Legal Maxims (Broom's Legal Maxims, 14), which is quoted with approval in People v. Supervisors of Columbia Co., supra, as follows:

"It is, in general, true that no statute shall be construed to have a retrospective operation without express words to that effect, either by an enumeration of the cases in which the act is to have such retrospective operation, or by words which can have no meaning unless such a construction is adopted."

Our recent decision in Matter of Borup, 89 App. Div. 183, 85 N. Y. Supp. 828, is not an authority to the contrary.

No finding was made by the learned justice below that the highway before the petitioner's premises had ever been repaired, graded, and macadamized from curb to curb by the authorities of the town in accordance with the provisions of section 69 of chapter 686 of the Laws

of 1892; and, had such finding appeared, it would have been contrary to the evidence, for the testimony adduced shows that Jefferson Place, before the repairs of March, 1901, was, as to condition and grade, an ordinary country road, following the natural contour of the land. The order should be reversed, and the motion to appoint commissioners denied.

Order reversed, with $10 costs and disbursements, and motion for appointment of commissioners denied. All concur.